NARRAGANSETT PIER COMPANY *vs.* ASSESSORS OF TAXES of the District of Narragansett.

The president of a corporation employed O., an attorney at law, to represent the corporation before the assessors of taxes.   O. presented a list of the ratable estate of the corporation, and made oath to it before one of the assessors.   At a meeting of the corporation the president reported that he had engaged O. to represent the company before the assessors, and that he had prepared a statement showing the unjust tax valuation placed on the corporate property.   The corporation voted, "In order that this corporation might take proper legal action to secure justice in the matter of taxation, this action of the president was approved."

*Held*, that the employment of O. did not authorize him to make oath to the list.

*Held*, further, that the vote of the corporation neither authorized nor ratified O.'s oath to the list.

*Held*, further, that the list, not being presented under the oath of one authorized by the corporation, could not be the basis of relief under Pub. Stat. R. I. cap. 43, § 15.

PETITION presented under Pub. Stat. R. I. cap. 43, § 15, for relief from an assessment upon real estate. On motion to dismiss the petition.

*Providence, July* 25, 1891. PER CURIAM. The counsel for the respondent moves the dismissal of this proceeding for non-compliance by the petitioner with Pub. Stat. R. I. cap. 43, § 7,[1] in this, that the account of the petitioner's property carried in to the assessors was not sworn to before one of the assessors by any person authorized by the petitioner to make oath to the account.

The account of the petitioner's ratable estate was prepared by the president of the petitioner, and was sworn to by him before a notary public in New York. The president of the petitioner appointed Frederic C. Olney, Esq., to represent the corporation as its attorney in the matter. He presented this account to the assessors, and upon his attention being called to said § 7, made oath to the account himself before one of the assessors. At a meeting of the corporation held September 13, 1890, the action of the president was approved, the record being as follows: " The president made report that he had engaged F. C. Olney to appear as representative of this company before the assessors at Narragansett District, R. I., and that he had prepared a statement showing the unjust tax valuation placed upon the property of this corporation, and in order that this corporation might take proper legal action to secure justice in the matter of taxation, this action of the president was approved."

---

[1] Cap. 43, §§ 6, 7, as follows : —

SECT. 6. Before assessing any tax, the assessors shall post up printed notices of the time and place of their meeting, in three public places in the town, for three weeks next preceding the time of such meeting, and advertise in some newspaper published in the town, if any there be, for the same space of time. Such notices shall require every person and body corporate liable to taxation to bring in to the assessors a true and exact account of all his ratable estate, describing and specifying the value of every parcel of his real and personal estate, at such time as they may prescribe.

SECT. 7. Every person bringing in any such account shall make oath before some one of the assessors that the account by him exhibited contains, to the best of his knowledge and belief, a true and full account and valuation of all his ratable estate ; and whoever neglects or refuses to bring in such account, if overtaxed, shall have no remedy therefor.

We do not think that the mere appointment of Mr. Olney to represent the corporation as its attorney was sufficient to authorize him to make oath to the account. Nor do we think that the action of the corporation approving what had been done by the president can be regarded as conferring such authority. Such action does not purport to be anything more than a ratification of the acts of the president, *first*, in engaging Mr. Olney to act as attorney of the corporation, and *second*, in preparing a statement showing the unjust valuation of the company's property. It does not confer upon the president or upon Mr. Olney authority to make oath to any account of the company's ratable estate either before one of the assessors or any one else, and even if it could be regarded as ratifying the oath of the president, that oath was before a notary public in New York, and not before one of the assessors of the district of Narragansett, as required by said § 7. We see nothing in such action which purports or can be considered to be a ratification of the oath made by Mr. Olney.

*Motion to dismiss granted.*

*Arnold Green & Frederic C. Olney*, for petitioners.

*Edmund S. Hopkins*, for respondent.