THE POLK-HIGHLANDS COUNTIES LAND Co., a Florida Corporation, *Plaintiff in Error*, v. M. A. ISAACS, EMERSON W. CHALLIE, C. LOUIS ALLEN, DAVID SHOLTZ, M. S. GARINFKEL, LOUIS J. HAMEL, FOLGER JOHNSON, JACK H. BRISKIN, T. J. MCREYNOLDS, LOUIS FEDER, WALLACE W. CLARK, *Defendants in Error*.

En Banc.

Opinion filed March 30, 1929.

*Loftin, Stokes & Calkins,* for Plaintiff in Error;

*Sholtz, Green & West, L. N. Green, E. F. McKeown* and *Louis J. Hamel,* for Defendants in Error.

TERRELL, C. J.—In November 1925, the assignors of plaintiff in error entered into a contract with defendants in error for the sale of approximately thirty-one hundred (3,100) shares of the capital stock of Daytona Shores, Incorporated. This contract was subsequently assigned to plaintiff in error. In February, 1927, plaintiff in error filed its amended declaration in an action at law to recover the unpaid balance alleged to have been due on said contract. A demurrer to the said amended declaration was sustained, final judgment was entered and writ of error was taken thereto.

The primary question raised by the demurrer and brought here for our consideration is whether or not the declaration should have been brought for the recovery of the balance due on the purchase price named in the sales contract or should it have been grounded on damages for breach of said contract.

The foregoing question turns on the answer to this query: Was the sales contract entire or was it divisible; that is to say, was it an executory contract or was it a contract of sale in *praesenti?* The court below in sustaining the demurrer to the declaration took the view that the contract was divisible or executory and that consequently the declaration should have been one sounding in damages for breach of the contract rather than one to recover the balance due on the purchase price.

We think this holding was erroneous. The contract of sale has been examined and while it contains an escrow provision and some other provisions which amount to mere

incidents to the main purpose of the contract we think on the whole it shows that the transaction was entire or completed and amounted to a contract of sale in *praesenti*. The title to the stock of Daytona Shores was passed on the execution of the contract and possession was released by the escrow holder on making the deferred payments, the escrow holder being a mere conduit by which possession was conveyed. The vendors by said contract withdrew from all participation in the affairs of Daytona Shores and rested the management and control thereof in the vendees. It would be difficult to draw a contract in which title, management and control in the thing conveyed were more completely transferred than they were by the contract here brought in question. The subject matter was in being at the time the contract was executed. It is perfectly apparent that the parties intended a present sale and we fail to find a word in the contract which contradicts this conclusion.

Defendants in error rest their case on the old common law rule to the effect that there could be no recovery of the purchase price of personal property until the title and possession therein had passed and until this is done the action must be one for damages rather than one for recovery of the contract price. There is no purpose here to modify or contradict this rule. It was promulgated in the day when delivery was a prerequisite to pass the title to personal property but in our day we are well within the decided cases both in this country and in England in holding that when personal property is sold under a written contract the title is presumed to have passed on the execution of the contract even though possession may be retained by the vendor. Hatch v. Standard Oil Co. of Cleveland, 100 U. S. 124, 25 Law Ed. 554; Arkansas Valley Land & Cattle Co. v. Mann, 130 U. S. 69, 9 Sup. Ct. R. 548,

32 Law Ed. 854; Turkey v. Bates, 2 Hurs. & Colt. 200 (Eng.) Dixon v. Yates, 5 Barn. & Ad. 313 (Eng.) 27 E. C. L. 86; Tarling v. Baxter (Eng.) 6 Barn & Cress. 360, 13 E. C. L. 169; Gardner v Howland, 2 Pick. (Mass.) 599; Willis v. Willis, 6 Dana (Ky.) 48; Wade v. Moffett, 21 Ill. 110; Hooban v. Bidwell, 16 Ohio, 509; 1 Mechem on Sales, Sect's. 495, 577.

We think, therefore, that the contract brought in question was one of sale in *praesenti,* that the parties complaining had a right of action for the purchase price that the declaration is sufficient to sustain the action and that the judgment below should be and is hereby reversed.

Reversed.

WHITFIELD, ELLIS, STRUM AND BROWN, J. J., concur.

BUFORD, J., dissents.