SADIE ROSENTHAL *vs.* JOHN L. HALSBAND.

DECEMBER 3, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

MURDOCK, J.   This case is before us on plaintiff's exceptions to a decision of a justice of the Superior Court denying plaintiff's motion for a summary judgment under the provisions of Chapter 1343, Public Laws, 1929.

So much of said chapter as is pertinent to the questions presented by the exceptions is as follows: "In any action founded on contract express or implied where the plaintiff seeks to recover a debt or liquidated demand in money payable by the defendant, the plaintiff may annex to his writ an affidavit made by himself or by any other person who can swear to the facts of his own knowledge, which

affidavit shall state that in the opinion of affiant there is no defense to the action and plaintiff may file with his declaration a motion for judgment for the amount of his debt or demand with interest if any is claimed. . . . And after hearing the court may, unless the defendant by affidavit or by his own evidence or otherwise shall show to the satisfaction of the court that there is a substantial question of fact in dispute, order judgment entered for the plaintiff for the amount of the debt or demand with interest, if any is due, and costs, and such judgment shall be entered forthwith; . . . . ."

It is suggested in the brief of the defendant that the case is not properly before this court because the bill of exceptions was prematurely brought. Section 24 of Chapter 348, General Laws, 1923, which governs exceptions to decisions or rulings prior to trial, is as follows: "Exceptions to decisions or rulings prior to trial shall be open to revision after verdict or final decision on the merits, but so far only as it appears to the supreme court that the verdict or final decision was erroneously affected thereby." In *Troy* v. *Providence Journal Co.*, 43 R. I. 22, in construing the above section, SWEETLAND, C. J., said: "As we have construed the statutory provision however, the General Assembly has provided that a cause shall not be brought here for review by piecemeal; but that it shall proceed to verdict or final decision upon its merits, and that then, and not until then, exceptions to rulings made by the Superior Court, taken by either party during the travel of the cause and upon which the party excepting then relies, shall be included in the bill of exceptions of such party and brought to this court for determination. We construe the language 'final decision upon the merits,' appearing in the statute, to mean a determination upon the merits of a cause which will in due time by operation of law lead to a final judgment in the cause." Chapter 1343 of the Public Laws introduces a new procedure in our practice. It is manifestly intended to afford a process for the prompt collection of debts and

to clear the calendar of the trial court of a class of cases in which there is no real issue to be tried, thus leaving the way open for parties who have issues that can be determined only by trial. The said chapter contains no provision for a review here of decisions of the trial court in the summary procedure therein provided. The defendant clearly has the right to a review in this court of a decision ordering the entry of a judgment against him if he deems himself aggrieved thereby. *Troy* v. *Providence Journal Co., supra.* Unless the plaintiff has the right to except to a decision of the trial court denying his motion for judgment he may be deprived of the benefits of said chapter by an erroneous ruling of the trial court. Section 24 of Chapter 348 of the General Laws contemplates a trial of all cases after the preliminary proceedings have been disposed of and after such trial the right of review including the review of decisions in preliminary matters. The purpose and intent of said chapter 1343 is, in a proper case, to do away with the necessity of a trial. We are therefore of the opinion that Section 24 of Chapter 348 of the General Laws is not applicable to proceedings under said chapter 1343 and that either party may bring a bill of exceptions to this court to decisions of the trial court on motions for entry of judgment under the provisions thereof.

At the hearing below the defendant contended that the affidavit attached to the writ is defective. The affidavit is as follows: "I, Joseph W. Ress, attorney for the plaintiff, make affidavit and state that I am the attorney for the plaintiff in the foregoing cause, and that as such I am thoroughly familiar with the facts in said case and also familiar with the book accounts of the said plaintiff, and that there is due and owing to the said plaintiff, from the said defendant, the sum of One Thousand Three Hundred Twenty-five Dollars and no cents, ($1,325.00) and that the said defendant has no set-off, counterclaim or any defense whatsoever to the foregoing claim. Joseph W Ress."

We are of the opinion that the intent of the statute, where the affidavit is made by an agent, is that the knowledge of the affiant must be such as would make him a competent witness, if the case went to trial, to the facts which constitute the plaintiff's claim. Unless it appears on the face of the affidavit that the knowledge of such affiant meets this requirement the court below may inquire into the source of the affiant's professed knowledge and if it appears that it is founded on hearsay evidence the motion for summary judgment should be denied.

The court below found the affidavit to be sufficient but on what grounds the record does not disclose.

The affidavit of the defendant is insufficient. The plaintiff in her declaration declared not only on book account but on a promissory note while the affidavit of defence simply states that the defendant was not indebted "upon any claim on book account either for the sum of $1,325.00 as set forth or any part thereof." The affidavit of defence must be directed to the declaration for it is there that plaintiff's claim is set forth. As the case now stands there is no denial on the record of the validity of plaintiff's claim on a promissory note. Even though the declaration contained only the common counts the affidavit of defence as filed did not meet the requirements of the statute, as it gives the court no more information than is contained in a plea of the general issue. Reasons why the defendant is not indebted must be given, as for example, that the obligation has been paid in full or that the defendant has a valid set-off for the whole or a part of plaintiff's claim. The acceptance of a mere general denial as a sufficient affidavit of defence defeats the purpose of the statute. The defendant must "show to the satisfaction of the court that there is a substantial question of fact in dispute."

On the record before us the plaintiff is entitled to the entry of judgment in her favor as the defendant has not shown that there is a substantial question of fact in dispute, but as it is evident from the record that the trial justice was

influenced in his decision by a desire for an opinion from this court as to the proper procedure to be followed under this recently enacted statute and for that reason did not require further information from the defendant as to his defence to the action, we will not direct that judgment be entered for plaintiff but will send the case back for a rehearing.

The plaintiff's exceptions are sustained and the case is remitted to the Superior Court with direction to rehear the plaintiff's motion for judgment.

*Joseph W. Ress*, for plaintiff.

*Ira Marcus*, for defendant.