JAMES SUTTER *vs.* TIMOTHY A. HARRINGTON.

APRIL 29, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action in assumpsit to recover the balance of the purchase price of fifty shares of stock sold by the plaintiff to the defendant. The case is before us on the plaintiff's exception to a ruling of a justice of the Superior Court denying the plaintiff's motion for a summary judgment under the provisions of Chapter 1343, P. L., 1929. For material provisions of said chapter see *Rosenthal* v. *Halsband*, 51 R. I. 119, 152 A. 320.

On September 29, 1925, the parties entered into a written agreement whereby the plaintiff agreed to sell and the defendant agreed to buy fifty shares of the capital stock of the V. & H. Weaving Company for $5,700. It appears from said agreement that the sum of $25 had been paid by the defendant to bind the bargain before said agreement was drawn. Said agreement provides that the sum of $1,500 will be paid by the defendant on the execution of the agreement; that the balance will be paid by him in specified installments at stated intervals; "that until the final payment by the party of the second part, (the defendant) that said shares of stock shall be deposited together with a copy of this agreement, in the hands of the party of the third part," Daniel H. Morrissey, to be held by said party until it is agreed by plaintiff and defendant, or judicially determined, that full payment has been made; that until the defendant shall be in

default in his payments for a period of more than thirty days he shall receive all dividends paid on said shares and shall have the right to receive from said Morrissey proxies to vote said shares at the meetings of the corporation and that when the parties hereto shall agree, or when it shall be judicially determined, that the installments with interest have been fully paid said Morrissey shall deliver said shares to the defendant.

The defendant made payments totalling $3,525 and refused to make any further payment. . This action was commenced to recover the balance due under the contract.

The plaintiff annexed to his writ an affidavit, as provided by said chapter 1343, stating that the action is based on an express contract and is brought to recover a debt payable in money; and that in his opinion there is no defense to the action; and also filed with his declaration a motion for summary judgment for $2,175, debt, plus $754.12 interest, a total of $2,929.12.

The defendant filed an affidavit that he was "not indebted to the said plaintiff in any way, shape or manner;" that his only business relations with the plaintiff were based on said agreement—a copy of which he annexed—that he had made the following payments on said agreement; Sept. 29, 1925, $1,525; Nov. 6, 1926, $1,000; Jan. 2, 1928, $1,000; that he had not paid the balance due by the terms of said agreement for the reason that shortly after he made the last payment the corporation went out of existence, rendering the stock of no value; and that by the terms of said agreement the only rights he "acquired to the shares, until all payments had been made, were the rights to vote on said shares and to draw dividends thereon;" that the stock was never delivered to him and that the only right of ownership of said stock ever exercised by him was the right to vote at all meetings of stockholders.

The affidavit calls attention to the fact that the agreement provides that in the event of default in payment by the defendant the plaintiff would be entitled to receive the dividends and vote the stock.

Said chapter 1343, provides that; "after hearing the court may, unless the defendant by affidavit or by his own evidence or otherwise, shall show to the satisfaction of the court that there is a substantial question of fact in dispute, order judgment entered for the plaintiff for the amount of the debt . . . ." No "substantial question of fact" is brought in dispute by the defendant's affidavit and testimony. A statement in the nature of a plea of the general issue is insufficient. *Rosenthal* v. *Halsband, supra*. It is clear that the shares were transferred and delivered to the party of the third part to secure the payment of said installments by the defendant and delivery by the plaintiff. The defendant does not suggest that the terms of said agreement were breached by any one except himself.

The only question presented was one of law involving a construction of said written agreement. The question is whether title to said shares passed either to the defendant or to some one to hold for his benefit. If title passed it is immaterial that the shares later became valueless. The answer to said question depends upon the intention of the parties as expressed in their written agreement. The trial justice should have construed said agreement and determined this question which is by no means complex. The plaintiff and defendant made a present sale and purchase and not a contract for a sale in the future. The important language of the agreement is: "The party of the first part agrees to sell to the party of the second part Fifty-seven (57) shares of stock of the V. & H. Weaving Co. . . . and the party of the second part agrees to purchase said stock from the party of the first part upon the terms and conditions set forth in paragraph One of this agreement." A very substantial payment on the purchase price was made and the shares were delivered and transferred by the plaintiff for the defendant's benefit, and the plaintiff reserved no right to demand a retransfer and redelivery to himself in the event the defendant failed to pay the balance of the purchase price.

It appears that the plaintiff is entitled to recover the balance due under the contract.

The case is remitted to the Superior Court with direction to enter judgment for the plaintiff as of December 19, 1930, for $2,929.12.

*William H. McSoley,* for plaintiff.
*Pettine, Godfrey & Cambio,* for defendant.