BENJAMIN M. MCLYMAN *et al. vs.* CARRIE E. MILLER.

JUNE 21, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This action is before the court on defendant's exception. The exception is to the decision of a justice of the Superior Court denying defendant's motion that the case be restored to the jury trial calendar.

The writ and declaration were filed July 10, 1931. July 15, defendant, by her attorney, filed a plea of the general issue and also filed a claim for a jury trial. October 14, defendant's attorney and the plaintiffs signed an agreement that the case be assigned to the continuous calendar of jury cases. January 15, 1932, plaintiffs' and defendant's attorney filed an agreement that the case be assigned for hearing (jury trial waived) to the miscellaneous calendar January 25. The reason for this agreement appears to have been that when the case was reached for trial by jury January 15, it was said that defendant was unable to attend court on account of illness. The court ruled that the jury should be impanelled and the trial resumed January 18. During the noon recess defendant's attorney signed the agreement to waive jury trial and assigned the case for trial January 25. On this latter date defendant was unable to attend court on account of illness and the case was continued to February 1. In the meantime defendant retained another attorney who entered his appearance January 27 and moved that the case be restored to the jury trial calendar. After hearing, the court denied the motion.

Defendant contends that her former attorney had no authority, without her consent, to waive her right of trial by jury and also that said case, by stipulation, could not be removed from the jury trial calendar after jury trial had been claimed.

An attorney is an agent employed by a party to a case to manage the same for him. 6 C. J. 566. By his employment, the attorney is authorized to take such steps in defending the action as he. may deem legal, proper and necessary, and his acts in that respect, in the absence of fraud, must be regarded as the acts of his client. *Barrows*

v. *Wilson*, 121 Atl. (Vt.) 440. Admissions of attorneys bind their clients in all matters relating to the progress and control of the case. *Scotti* v. *District Court*, 42 R. I. 556. In *Wilson* v. *Wilson*, 25 R. I. 446, it appeared that a decree had been entered by consent of complainants' counsel. Complainants alleged that the decree was entered without their knowledge or consent. It was held that respondents had the right to suppose complainants' counsel had full authority to sign the decree so long as complainants held him out as their solicitor.

For years it has been the practice for attorneys to waive jury trials in behalf of their clients and their power to do this has not been questioned up to this time. Under the facts appearing in this case we cannot say defendant's attorney acted beyond the scope of his authority when he waived jury trial in order to get a continuance and avoid a trial by jury when he claimed his client was ill.

Defendant's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*J. Raymond Dubee, Lester S. Walling,* for plaintiffs.

*James J. McCabe,* for defendant.