## SEARL v COZAD

Ohio Appeals, 9th Dist, Summit Co

No 2551.   Decided May 1, 1935

Motz & Morris, Akron, for plaintiff in error.

Brouse, Englebeck, McDowell, May & Bierce, Akron, for defendant in error.

## OPINION

### By WASHBURN, J.

It thus appears that the controlling question to be determined by the court is the effect of said dissolution proceedings upon the contract entered into in 1928 for the sale by the plaintiff to the defendant of her interest in said corporation represented by said common shares of the capital stock of said company,

It is the claim of the defendant that no title to plaintiff's interest in the assets of said corporation represented by said common stock certificates undelivered at the time of the dissolution of the corporation passed to the defendant under said contract, and that by said dissolution the subject-matter of the contract was destroyed and said contract was rendered impossible of performance, and that therefore he is excused from further performance of his express promise to pay the plaintiff the stipulated price for said stock.

This is not a case of accidental destruction, or of destruction by act of God.

It was decided in 1647 that impossibility of performance will not excuse nonperformance of an express contract, but there are now well-recognized exceptions to said rule, and one of said exceptions relates to the destruction of specific property which is the subject or basis of the contract.

As we read the cases, where such a situation is claimed, the question to be determined by the court is whether it was the intention of the parties that one of them should be absolutely bound.

Where there is no express provision in the contract that a party is to be bound notwithstanding the specific property which is the subject or basis of the contract is destroyed before the time for performance has arrived, and no intention on that subject is disclosed by the provisions of the contract, the intention of the parties which is controlling is not so much the actual intention as it is the inferred or presumed intention; the law implying an intention that impossibility of performance, arising from the destruction of the thing which is the subject of the contract, should excuse the performance of the contract.

For the purposes of this opinion, we are assuming that in this case there was such an intention and that therefore said contract was subject to a condition that the destruction of the subject-matter of the contract without the fault of the promisor would excuse performance.

We are also assuming that title to that part of the assets of the corporation represented by the certificates of stock which were not deliverable under the terms of the contract before the time of such dissolution, did not pass to the defendant, but we are not so deciding.

As to the effect of the Uniform Stock Transfer Act as to the passage of title, see Booth v Cincinnati Finance Co., 19 Oh Ap 130; as to whether the provisions of the Sales Act apply, see the opinion in Laundry Co. v Whitmore, 92 Oh St 44; as to effect of delivery to trustee for delivery to purchaser on payment of price, see Sutter v Harrington, 154 Atl. 657, Land Co. v Isaacs, 121 Sou. 465, and Peavy v Wells, 161 NW 508; that title passed if the Sales Act applies, see §§8399 and 8402, GC.

We are also assuming that the dissolution constituted a destruction of the property which was the subject or basis of the contract, but as we view the case, it is not necessary for us to decide that question. That a sale of stock is a sale of the stockholder's interest and rights in the corporate assets, and that, if the sale is made after dissolution, it applies to the assets remaining for distribution, see 8 Thompson on Corporations (3rd ed.), §6523; and as to continuing property rights of stockholders after dissolution, see ibid., §6541.

The rule referred to in reference to the effect of the destruction of the subject-matter of a contract, may be fairly stated to be that, in the absence of an express provision in the contract to the contrary, if the act to be performed is necessarily dependent upon the continued existence of a specific thing, the perishing thereof before time for performance, without the fault of the promisor, will excuse a breach of the contract on the ground of an implied condition in this regard. It will be noted that the application of said rule is confined to cases where the destruction of the thing

which is the subject of the contract is **without the fault of the promisor.**

In the case at bar, the evidence in reference to this matter consists largely of inferences, but they are too plain to be disregarded.

Before the contract was made, the defendant was one of the managers of the business, and soon after it was made, and by reason of its being made, he was the owner of shares of stock which gave him the control of the corporation and he was the president of and in full control of the affairs of the corporation. From the fact that he was in the exclusive management of the business for some years after said contract was made, and the fact that upon dissolution he continued the business, it is fairly inferable that he suggested the dissolution and thought it would be to his interest to have the dissolution, and that if the management of the business of the corporation, including the raising of his salary $400 a month, was such as to make its dissolution necessary or desirable, it was his fault. There is no suggestion in the evidence that the plaintiff was in any way responsible for the condition of the company, nor that she was in any manner at fault; all that she did was to join in the application for dissolution.

If the defendant was to have the benefit of said rule, the burden was upon him to prove that the destruction of the subject-matter of the contract was without his fault, and he failed to do so; and the mere joining in the application for dissolution by the plaintiff does not justify the inference that the subject-matter of the contract was destroyed because of fault on her part, and we know of no good reason or authority for holding that the mere fact that she joined in said application prevents her from enforcing her contract, she having done all that she could do to carry out the terms of the contract.

The cross-petition in error of the defendant is dismissed, and the judgment of the Common Pleas Court, in so far as it failed to include therein the last installment of $400, is held to be erroneous; and there being no real dispute in the record as to the facts or the reasonable inferences to be drawn therefrom, the judgment of the trial court is modified by increasing the same to $3,775, and as so modified is affirmed.

FUNK, PJ. and STEVENS, J, concur in judgment.