CORO FEDERAL CREDIT UNION *vs.* THE CAMEO CLUB OF NEWPORT.

JUNE 9, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

132

Frost, J. This action of the case under a wage assignment was brought in the district court of the sixth judicial district where it was defaulted. After hearing the plaintiff's motion for judgment the following entry was made: "Sept. 28, 1959 Plaintiff's written proof of claim insufficient to grant plaintiff's motion for judgment." There is in the papers, file marked "Sixth District Court Filed May 15, 1959," an affidavit in proof of claim made by Mary Kevorkian, treasurer of the plaintiff corporation, on May 11, 1959, that is, four months prior to its presentation to the justice of that court.

The plaintiff duly claimed an appeal to the superior court where the case was heard on October 22, 1959 on its motion for entry of a nil dicit judgment. The motion was argued but the transcript reveals nothing more than "Motion de-

nied." The case is here on plaintiff's exception to such decision.

In the superior court no witness testified and the assumption is that plaintiff attempted to prove its claim by affidavit. There is also in the papers, without file mark, what purports to be an affidavit in proof of claim. It was made by Aram K. Berberian and was sworn to on October 21, 1959. Among other things the affidavit states that Aram K. Berberian is the attorney for plaintiff; that the case was commenced to recover the sum of $285.32; and that the claim was based on a "wage assignment executed by the defendant's employee on 6-12-59 [58] for money loaned * * *."

As stated, the affidavit was made by the plaintiff corporation's attorney. Speaking generally the relation of client and attorney is that of principal and agent. 5 Am. Jur., Attorneys At Law, §45, p. 285. In *McLyman* v. *Miller*, 52 R. I. 374, we stated that admissions of attorneys bind their clients in all matters relating to the progress and control of the case. However, it was held in *Narragansett Pier Co.* v. *Assessors of Taxes*, 17 R. I. 452, that the appointment of an attorney did not authorize the latter to make oath to an account before the assessors of the district.

It is our opinion that the requirements of an affidavit to secure a nil dicit judgment are substantially those required in an affidavit to secure a judgment on the pleadings, commonly referred to as a summary judgment. General laws 1956, §9-7-1, provides that "the plaintiff may annex to his writ an affidavit made by himself or by any other person who can swear to the facts of his own knowledge * * *." See *Rosenthal* v. *Halsband*, 51 R. I. 119.

In the instant case we are of the opinion that the plaintiff's attorney was not authorized simply by virtue of his position as attorney for the corporation to make oath to the amount of its claim against the defendant. Furthermore the trial justice should have for consideration the best

evidence in determining the amount of judgment to be given. He was entitled to see the books of the corporation with the treasurer or person in charge thereof; otherwise an affidavit by such person should be made as to the amount of the claim as shown by the records of the plaintiff at the time the motion was heard. 20 Am. Jur., Evidence, §409, p. 369. *Cargill* v. *Atwood,* 18 R. I. 303. Whatever the reason the trial justice had in mind, the affidavit if offered was insufficient and the decision was without error.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

