John CONTI, d/b/a Conti Sheet Metal

v.

Guy A.E. GEFFROY.

No. 81–633–Appeal.

Supreme Court of Rhode Island.

Jan. 2, 1985.

Kathleen Voccola, Providence, for plaintiff.

Martin Johnson, Johnson & Johnson, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a judgment of the Superior Court refusing to vacate a default judgment that had earlier been entered in the District Court. The facts pertinent to this appeal are as follows.

The plaintiff, John Conti, doing business as Conti Sheet Metal (Conti), filed an action against defendant Guy A.E. Geffroy (Geffroy) in the Sixth Division of the District

Court on October 16, 1980. The complaint alleged that Geffroy owed Conti the sum of $3,363.60 on book account for goods sold and delivered and for services rendered to repair a leaky roof on a building owned by Geffroy. Conti also sought compensation for attorney's fees, interest, and costs. On October 18, 1980, Geffroy was served with a summons and a copy of Conti's complaint. Geffroy did not file an answer within the twenty days prescribed by Rule 12(a) of the District Court Rules of Civil Procedure. Consequently, Conti filed a motion for entry of judgment by default in accordance with Dist.R.Civ.P. 55. The plaintiff's attorney filed in support of said motion an affidavit stating that no answer had been filed within the required twenty days subsequent to service of the summons and complaint. The plaintiff's attorney also filed an affidavit in proof of claim in which she stated that the amount of $3,363.60 was due and owing from Geffroy to Conti. On the same date a default and also a judgment by default were entered against Geffroy. Thereafter, on November 22, 1980, Geffroy was served personally with the execution that had been issued pursuant to the judgment.

On December 1, 1980, Geffroy mailed a letter to Conti's attorney setting forth his disagreement with the amount claimed by Conti and requesting that certain adjustments be made in the bill. A copy of that letter was sent to the Sixth Division of the District Court and made a part of the file of the case on December 4, 1980. Nothing further occurred in the case until March 9, 1981, when a citation was issued by the court requiring Geffroy to appear before the court and show cause why an order should not be entered directing him to pay the judgment in full or by installments. The citation was served upon Geffroy on March 14, 1981. By this time Geffroy had obtained counsel and filed a motion to set aside the default judgment on March 25, 1981. The motion sought to set aside the default judgment on the ground of inadvertence and excusable neglect. In further support of the motion, Geffroy filed an affidavit of meritorious defense in which he alleged that he and Conti had entered into an oral contract for repairs to the slate roof of his dwelling house. He further alleged that pursuant to the oral contract, Conti agreed to perform the repairs for the cost of slate and materials, plus a contractor's fee of 20 percent of said costs. Geffroy further claimed in his affidavit that Conti deliberately doubled the actual cost of the roof slates and added his contractor's fee of 20 percent to the doubled amount.

A justice of the District Court denied the motion and entered an order of denial on April 1, 1981. The defendant filed an appeal from that order with the Superior Court. After a hearing, a justice of the Superior Court denied Geffroy's appeal and found specifically that the justice of the District Court had not abused his discretion in denying the motion to remove the default judgment. The Superior Court justice went on to say:

"Where a person represents himself, he subjects himself to the rulings of the court; he stands in the shoes of an attorney * * * that there should be an application of the rules with equal force upon a person that decides to represent himself * * *."

A judgment denying Geffroy's motion to vacate was entered in the Superior Court on October 23, 1981.

From this order Geffroy filed his notice of appeal. In support of his appeal he raises three issues. First, Geffroy argues that the trial justice was in error in denying the motion to remove the default judgment in light of the fact that Conti's proof of claim was supported only by affidavit of Conti's attorney and was therefore incompetent to support a default judgment in accordance with standards set forth in *Coro Federal Credit Union v. Cameo Club of Newport,* 91 R.I. 131, 161 A.2d 410 (1960). Second, Geffroy also argues that the trial justice abused his discretion in failing to set aside the default judgment on the ground of inadvertence and excusable neglect. Third, Geffroy challenges the de-

fault judgment on the ground that it was not set forth on a separate document as required by Rule 58(a) of the District Court Rules of Civil Procedure. *See Mosca v. Cournoyer*, R.I., 438 A.2d 665 (1981). Our determination of the first issue will make it unnecessary for us to deal in depth with the other two issues raised by Geffroy.

In *Coro Federal Credit Union v. Cameo Club of Newport, supra*, this court was confronted with the question of the adequacy of an affidavit to support a motion for entry of default judgment. In that case an action brought for money lent had not been answered within the required period of time. Thereafter, the plaintiff moved for entry of a *nil dicit* or default judgment. This motion was supported by an affidavit in proof of claim that had been executed by the attorney for the plaintiff corporation. We held that such an affidavit was insufficient to support a default judgment. It was further stated that the requirements of an affidavit to secure a *nil dicit* or default judgment were substantially the same as those required to secure a summary judgment. The requirements for summary judgment now as well as then provide that an affidavit must be made "on personal knowledge, [and] shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Dist.R.Civ.P. 56(e). *See Rosenthal v. Halsband*, 51 R.I. 119, 123, 152 A. 320, 321 (1930). It was suggested in *Coro* that the appropriate person to sign such an affidavit was the treasurer of the corporation or some other person in charge of the records thereof.

■ Even though the attorney for plaintiff argued to this court[1] that she had familiarized herself with the books and records of Conti and had prepared tax returns for Conti, we are of the opinion that she would clearly not have been competent to testify to the facts underlying this action. She would certainly not have been competent to testify concerning the quality of the repairs that had been performed. Moreover, she would not have been competent to testify concerning the books and records of Conti without a showing that she had been in charge of keeping such books and records in the ordinary course of business. *See* G.L.1956 (1969 Reenactment) § 9–19–13; *see also Allied Plywood Co. v. Pearson*, 121 R.I. 72, 395 A.2d 716 (1978); *Quint v. Pawtuxet Valley Bus Lines*, 114 R.I. 473, 335 A.2d 328 (1975); *Edward R. Marden Corp. v. S. & R. Construction Co.*, 112 R.I. 332, 309 A.2d 675 (1973); *McCormick's Handbook of the Law of Evidence* § 312 at 729 (2d ed. Cleary 1972). The mere fact that an attorney may familiarize himself or herself with books and records in preparation for trial or in the exercise of professional duties from time to time does not render such an attorney competent to testify as a custodian of business records as was pointed out in *Coro, supra*.

Since the affidavit in proof of claim was insufficient to support a judgment by default, the entry thereof by the District Court was erroneous.

■ We have frequently stated that the denial of a motion to vacate a default judgment will not be disturbed on appeal absent a showing of an abuse of discretion or an error of law. *Prudential Investment Corp. v. Porcaro*, 115 R.I. 117, 341 A.2d 720 (1975); *Stevens v. Gulf Oil Corp.*, 108 R.I. 209, 274 A.2d 163 (1971); *Bloom v. Trudeau*, 107 R.I. 303, 266 A.2d 417 (1970). In the case at bar we do not reach the question of abuse of discretion. Since the entry of the judgment was erroneous as a matter of law, defendant was entitled as a matter of right to have such default judgment vacated. *See Shannon v. Norman Block, Inc.*, 106 R.I. 124, 256 A.2d 214 (1969). We should further point out that although the default judgment was improperly entered, an entry of default by the clerk for failure to answer or otherwise

---

**1.** Unfortunately, no written brief was filed on Conti's behalf. Consequently, the only assistance that we received in respect to the merits of Conti's case took the form of oral argument by his attorney.

defend was not improper. We do not pass upon the question of whether such a default should have been removed pursuant to the provisions of Rule 55(c) of the District Court Rules of Civil Procedure. That question is not before us since the challenge before both the District Court and the Superior Court was to the entry of a default judgment, not merely the entry of a default by the clerk in accordance with Rule 55(a). We do note, however, that the standard for removal of a default is not identical to the standard required for removal of a default judgment pursuant to Rule 60(b). *Berberian v. Petit*, 118 R.I. 448, 374 A.2d 791 (1977).

In respect to the third issue raised by Geffroy, although we need not reach this issue in light of our determination that the default judgment was erroneously entered, we believe in accordance with our holding in *Mosca v. Cournoyer*, R.I., 438 A.2d 665 (1981), that this certainly would not constitute an independent ground for the vacating of a judgment in any event.

For the reasons stated, Geffroy's appeal from the order of the Superior Court declining to vacate judgment by default is hereby sustained. The papers in the case may be remanded to the Superior Court for further proceedings consistent with this opinion.