Kevin MARKS et al.

v.

**D.A. DAVIS CONSTRUCTION CORP. et al.**

No. 85–513–Appeal.

Supreme Court of Rhode Island.

Jan. 15, 1988.

John L. Cosentino, Providence, for plaintiff.

William McGair, Providence, for D.A. Davis Const. et al., Paul Sanford, Providence, for Old Stone Bank et al.

OPINION

KELLEHER, Justice.

The defendants Diane C. Davis and her husband Raymond have appealed a Superior Court order denying their motion to set aside a default judgment. After reviewing the record and considering the arguments presented, we find no reason to disturb the actions taken by the trial justice.

An examination of the pertinent facts indicates that this default judgment was precipitated by the unexplained failure of defendants to respond to a complaint filed against them on January 27, 1981. On that date, plaintiffs Kevin and Carol Marks, husband and wife, initiated a suit concerning their purchase on January 29, 1980, of a fire-damaged house owned by the Davises. Although the Markses paid $36,000 in exchange for a warranty deed to the property and a promise from the Davises to repair the building, no improvements were made and the condition of the house deteriorated. The Markses' specifically alleged in their complaint that the Davises induced them to buy the house through misrepresentation, fraud, and negligence, and that the promised reconstructive work on the dwelling was never performed. Named as defendants were the Davises, the contrac-

tor, the mortgagee and the real estate agent.[1]

The Davises failed to respond to properly served copies of the complaint. On April 9, 1981, the Markses filed a request for entry of default against the Davises together with a supporting affidavit. The Markses' counsel prepared the affidavit in which he stated that the Davises had failed to plead or otherwise defend the action. He also averred that the Davises were not in military service and that the cause "was commenced to recover the sum of $100,000." Although the affidavit was executed by the Markses' attorney, he mistakenly listed the Davises as the affiants.[2]

On the same day that counsel for the Markses requested an entry of default and submitted a supporting affidavit, an assistant clerk of the Providence County Superior Court entered a default against the Davises pursuant to Rule 55(a) of the Superior Court Rules of Civil Procedure.

In a hearing held before the trial justice on May 26, 1981, the Markses' attorney presented expert testimony on the subject of money damages sought from the Davises, the only defendants then remaining. The oral proof of claim of damages was based on the testimony of a building contractor who inspected the house in March of 1981. He concluded that the structure had become irreparable. Many of the wooden beams and supports were burned and badly damaged. The floor joists had severely deteriorated, and excessive settling of the house had created a "huge bulge" in the foundation. The expert estimated that reconstruction of the dwelling would cost $42,000.

The trial justice reserved his decision until March 30, 1984, when he ruled that defendants were defaulted on April 9, 1981. He granted judgment for the Markses in the amount of $47,790 and allowed execution to issue against the Davises.

Almost a year later to the day, on March 29, 1985, the Davises filed motions to set aside and to stay enforcement of the default judgment. In the Davises' supporting affidavit they averred that they never signed the instrument that was submitted by the Markses' counsel.

In a hearing held before another Superior Court justice, the Davises argued that the mistake of the Markses' counsel in inserting the Davises' names as parties seeking the entry of default, in and of itself, constituted grounds for relief from Super.R.Civ.P. 60(b)(3), which provides in its pertinent part that a court may grant relief from a final judgment for reasons of fraud or misrepresentation. The Davises also argued for vacation of the default judgment under Rule 60(b)(6), which permits a trial justice to grant relief for extraordinary reasons other than those enumerated in the statute. *Greco v. Safeco Insurance Company of America*, 107 R.I. 195, 197, 266 A.2d 50, 52 (1970). In support of their Rule 60(b)(6) argument, the Davises asserted that issuance of the execution would unjustly enrich plaintiffs and that the issue of damages should be determined by a jury.

The Markses responded to these contentions by stating that the substitution of names in their attorney's affidavit was a harmless clerical error. They responded to the claim of unjust enrichment with the fact that more than three years had passed between the time of purchase and the entry of the default. They also argued that the use of expert testimony on the question of damages obviated the need for a jury determination of that issue.

The Superior Court justice eventually denied the motion to set aside the default judgment in an order entered on June 26, 1985. This appeal ensued.

On appeal the Davises allege that the justice erred in refusing to vacate the default. They also contend that the default

---

1. The contractor, the mortgagee, and the real estate agent each responded to the complaint and in due course the controversy, as it related to each, was resolved.

2. The affidavit was spelled out in a form provided by the Superior Court. In the first line, which reads, "I * * * upon oath depose and say as follows," the Markses' attorney erroneously inserted the names Raymond Davis and Diane C. Davis.

judgment was invalid because damages were not assessed by a jury. We shall first address the refusal to vacate the default judgment.

■ The Davises assert that the default judgment was predicated on an affidavit that did not comply with Rule 55(b)(3), which provides that "no judgment by default shall be entered until the filing of an affidavit made by some competent person on the affiant's own knowledge, setting forth facts showing that the defendant is not a person in military service." They maintain that the defective affidavit renders the entry of default judgment void as a matter of law, relying on our decision in *Conti v. Geffroy*, 486 A.2d 579 (R.I.1985). We find, however, that the facts of *Conti* are distinguishable from the case at bar.

In *Conti* a default judgment was vacated because an accompanying affidavit was deficient as a proof of claim of damages. *Conti* was a contractual dispute over the quality and cost of agreed-upon roof repairs.

When the defendant refused to pay or to answer the plaintiff's complaint, a default judgment was entered in an amount equal to the damages alleged by the plaintiff's attorney. This court ruled that the affidavit in support of the proof of claim was insufficient to justify a judgment by default because the attorney was not competent to testify about the facts underlying the action. 486 A.2d at 581. Although the attorney-affiant was familiar with the plaintiff's books and records and had prepared his tax returns, the attorney was not qualified to assess the damages caused by the alleged breach of the construction contract.

The affidavit in this dispute involves the question, pursuant to the requirements of Rule 55(b)(3), of whether defendants are serving in the military. This fact, unlike the issue of damages in *Conti*, can be averred without the need for special expertise or knowledge on the part of the affiant. Through his preparation of this case, the Markses' attorney gained enough information to attest to his own knowledge that neither defendant was in the military.

We also find that the inadvertent insertion of the wrong names in the first line of the affidavit was cured by the notorized signature of plaintiffs' attorney in the space provided for the affiant.[3] An examination of the entire document leaves no doubt that the Markses' attorney, rather than the erroneously named Davises', executed the affidavit. We are satisfied that the instrument complies with Rule 55(b)(3).

■ Having determined that there was no material flaw in the Markses' affidavit, we turn to the Davises' alternate arguments that they are entitled to relief under Rule 60(b)(3) and (6), which permit the trial justice upon a proper showing to vacate a default judgment. *Phoenix Construction Co. v. Hanson*, 491 A.2d 330, 333 (R.I. 1985). The defendants here have made no such showing. They have failed to demonstrate that the affidavit submitted by plaintiffs' counsel amounted to fraud or misrepresentation. Even though they were required by the provisions of Rule 60(b)(6) to establish the existence of extraordinary circumstances, the Davises have in fact offered no excuses for their failure to respond to this action for more than four years. We find that the trial justice's denial of their motion to vacate was an appropriate action.

The Davises also challenge the propriety of assessing damages without the intervention of a jury. They contend that G.L.1956 (1985 Reenactment) § 9–20–2[4] is a procedural statute that must be applied to the present case. Violation of this mandate, they argue, renders the judgment invalid. The Davises cite *Pettis v. Henderson*, 91

---

**3.** *See* Appendix.

**4.** General Laws 1956 (1985 Reenactment) § 9–20–2 provides:

"In all cases, except where otherwise provided, if judgment be rendered on default, discontinuance, submission or motion, damages shall be assessed by the court, with the intervention of a jury unless cause be shown why there should be no intervention of a jury. The claimant in any case may waive the intervention of a jury."

R.I. 191, 162 A.2d 540 (1960), to support this position.

■■■ The Davises apparently overlook the fact that the 1960 version of § 9–20–2 was amended on two occasions after the *Pettis* case was decided. In 1961 the General Assembly, at its January session, added the following sentence to the statute: "The plaintiff in any case may waive the intervention of a jury." P.L. 1961, ch. 120, § 1. In 1965 the Legislature substituted the word "claimant" for the word "plaintiff." P.L. 1965, ch. 55, § 34. We conclude from the legislative history of § 9–20–2 that today the right to have a jury assess damages in a default case rests with the nonde-faulting party. *See* 1 Kent *R.I. Civ.Prac.* § 55.3 at 407–08 (1969). The amendments to § 9–20–2 abrogated the *Pettis* decision to the extent that its holding gave defendants in default cases the right to a determination of damages by a jury.[5]

The record here clearly indicates that the Markses, as claimants,[6] chose to make an oral proof of claim of damages rather than rely on a jury determination of damages. In light of the legislative history of § 9–20–2, the Markses waived the intervention of a jury.

The Davises' appeal is denied and dismissed, and the judgment appealed from is affirmed.

---

5. In *Dyson v. Rhode Island Co.,* 25 R.I. 600, 625, 57 A. 771, 782 (1904), it was noted that although art. I, sec. 15 of the Rhode Island Constitution refers to the inviolability of the right to trial by jury, this provision "does not extend the right of jury trial, but preserves it as it was" in 1843 when the State Constitution went into effect. At that time no right to a jury determination of damages existed in defaulted cases. "The common law right of trial by jury, which it was the purpose of this constitutional provision to secure, relates only to those civil cases or causes of action in which there has been an issue made by the pleadings of the parties * * *. Such a trial of an action has no application to an inquiry into damages, whether by the court or by a jury, after default, when the cause of action stands confessed." 25 R.I. at 627, 57 A. at 783.

6. This change in terminology resulted from the promulgation in 1965 of the Superior Court Rules of Civil Procedure, which recognize that a defendant may be the nondefaulting party on a cross-claim, counterclaim, or third-party claim.

APPENDIX

STATE OF
RHODE ISLAND
AND
PROVIDENCE PLANTATIONS

Affidavit And Request For Entry
Of Judgment

.......Providence....................... sc ...........Superior.......................... Court

.......Kevin Marks & Carol Marks.....
Plaintiff

vs

C.A. .......81-365..........................

D.A. Davis Construction Corp et al
.......Raymond Davis and........Defendant
I, .......Diane C Davis...................., of the .......City..... of .......Warwick...., County of
.......Providence........, State of Rhode Island, upon oath depose and say as follows:

1. That the defendant has failed to plead or otherwise defend as provided by the rules of this Court.

2. That the defendant was not at the time of the commencement of this action nor is the defendant now in the Military Service of the United States as defined in the Soldiers' and Sailors' Civil Relief Act of 1940; nor is the defendant an infant or an incompetent.

3. That the defendant presently resides at .......37 Lockwood Street....... in the .......city....of .......Warwick..........., Rhode Island.

4. That this cause was commenced to recover the sum of $100,000.₺ plus interest from .......November 1979.......April 1981.... in the amount of ............................, totaling....................

5. That the defendant has no setoffs or counterclaims against this account and, in my opinion, there is no offering to this claim or cause of action.

.......................................................

Sworn to before me this .......9......... day of .......April.......

A.D. 1981.......

.......................................................
Notary Public

Wherefore the Plaintiff, by .......................... Attorney, moves that judgment be entered by default in the above-entitled cause pursuant to RCP 55 and that the garnishee be charged to the full extent of the sum of money reported by the garnishee's affidavit.

.......................................................
Attorney for Plaintiff