Kathy J. CARLSON

v.

Ronald J. PLOUFFE et al.

No. 90–350–M.P.

Supreme Court of Rhode Island.

June 21, 1991.

---

Joseph W. Balini, Higgins & Slatter, Providence, for plaintiff.

Richard E. Abrams, Jonathan L. Stanzler, Abrams & Verri, Providence, for defendants.

## OPINION

KELLEHER, Justice.

This litigation is before us on petition for writ of certiorari by the defendants, Ronald J. Plouffe (Plouffe) and Carlton J. Pona (Pona), from a trial justice's order granting a motion by the plaintiff, Kathy J. Carlson (Carlson), for entry of judgment by default against Pona and ordering the matter set down for an oral proof-of-claim hearing. For the reasons set forth below, we affirm the trial justice's ruling.

The relevant facts before us may be briefly stated as follows. On January 8, 1986, Carlson sustained personal injuries when the motor vehicle she was driving came into contact with a motor vehicle owned by Plouffe and operated, at the time, by Pona. On December 16, 1987, Carlson filed a complaint in Superior Court seeking to recover for injuries sustained as a result of the collision. Pona and Plouffe jointly answered the complaint, through counsel, on February 10, 1988.

Subsequently Pona was served with interrogatories. The parties stipulated to an order whereby Pona would be in default unless answers to the interrogatories were filed within sixty days. When Pona failed to respond to the interrogatories, Carlson filed a motion for entry of judgment by default against Pona, which was granted by the trial justice. The trial justice entered an order granting the motion and ordering that the matter be set down for oral proof of claim. On June 29, 1990, Pona and Plouffe filed a petition for a writ of certiorari to review the trial justice's decision. We granted the petition on October 4, 1990.

Plouffe and Pona now assert that Carlson is not entitled to have a Superior Court justice assess her damages without a jury because Plouffe has not been defaulted and has requested a jury trial on all issues. Allowing the Superior Court justice to do so would in effect deprive Plouffe of his right to have his damages assessed by a jury because, according to defendants, any damages assessed by the trial justice against Pona, the defaulting defendant, would operate as res judicata against Plouffe. The defendants argue that, in effect, the trial justice's order allows Pona's default, over which Plouffe had no control, to prejudice Plouffe's right to a jury trial. We believe, however, that defendants misunderstand the nature of the trial justice's order.

■ The statute that controls the assessment of damages in cases where judgment is rendered by default, G.L.1956 (1985 Reenactment) § 9–20–2, provides that "[i]n all cases, except where otherwise provided, if judgment be rendered on default * * * damages shall be assessed by the court, with the intervention of a jury unless cause be shown why there should be no intervention of a jury. *The claimant in any case may waive the intervention of a jury.*" (Emphasis added.) This court, in *Marks v. D. A. Davis Construction Corp.*, 536 A.2d 883, 886 (R.I.1988), which involved one defaulting defendant, construed § 9–20–2 to mean that "the right to have a jury assess damages in a default case rests with the nondefaulting party."

Here defendants concede that "if [Pona] was the only defendant in this case and he was defaulted [Carlson] would have the right to have the damages assessed against the defaulted defendant either by jury or by the court." The defendants distinguish *Marks* by "the fact that there are two defendants in this case; one of whom has not been defaulted and [one] who has requested a trial by jury." Because two defendants exist in the present case, defendants assert, relying on *Marks*, that if "this matter were to proceed to oral proof of claim, whereby a judge determines [Carlson's] damages, [Plouffe's] right to a jury

on that issue would be prejudiced." After a close examination of *Marks* and the record before us, we fail to see any merit in defendants' contentions.

Our holding in *Marks* merely articulated the right to an assessment of damages that a nondefaulting party has against a party against whom judgment has been entered by default pursuant to § 9–20–2. We believe that our holding in *Marks* did not sweep so broadly so as to preclude a nondefaulting codefendant from requesting a jury trial on the issue of damages, even when the other codefendant has defaulted. Quite simply, in the case before us Carlson was entitled, pursuant to the dictates of § 9–20–2, to have a proof-of-claim hearing without a jury with respect to Pona if she so opted. This entitlement in no way prejudices Plouffe's right to a jury trial on the issue of damages. Indeed, because judgment was not entered against Plouffe by default, § 9–20–2 is completely irrelevant to the question of whether Plouffe is entitled to a jury trial on the issue of damages. The trial justice obviously agreed because the record indicates that at one point he stated to Plouffe's counsel that he was "not going to take away your [Plouffe's] right of jury trial."

▮ We would also point out that Plouffe's assertion that "if damages are determined by the court alone the amount of damages would be res judicata and would bar [Plouffe] from any finding by a jury as to * * * damages" is totally devoid of merit. It is a well-settled proposition in this jurisdiction that res judicata acts as an absolute bar to the relitigation of the same claim only when there exists an identity of parties, an identity of issues, an identity of claims for relief, and finality of judgment. *Estate of Bassett v. Stone*, 458 A.2d 1078, 1080 (R.I.1983). Obviously then, since we are dealing with two defendants, there will not be an identity of parties in the separate assessments of damages and consequently res judicata is inapplicable to the facts before us.

In light of the foregoing reasons the defendants' petition for certiorari is denied, the writ previously issued is quashed, and the judgment of the trial court is affirmed. The case is remanded to the Superior Court for further proceedings consistent with this opinion.