**James CRINER**

v.

**NORTH AMERICAN VAN LINES et al.**

No. 91–475–Appeal.

Supreme Court of Rhode Island.

Sept. 30, 1992.

Annette B. Elseth and Aran Schefrin, Lovett, Schefrin, Gallogly & Harnett, Providence, for plaintiff.

Kathryn Perrott and Loraine Motola-Davis, Morrison, Mahoney & Miller, Providence, for defendants.

## OPINION

PER CURIAM.

This matter was heard before a panel of the court pursuant to an order issued to the plaintiff to appear and show cause why his appeal should not be denied and dismissed. In this case the plaintiff has appealed from the granting of the defendants' motion for summary judgment in Superior Court.

In this case plaintiff had suffered injuries in a vehicular accident in the course of his employment as a truck driver. He filed a petition against North American Van Lines (NAVL) in the Workers' Compensation Court, seeking benefits under the Workers' Compensation Act, so called. After hearing and decision, a decree was entered finding NAVL to be plaintiff's employer and awarding appropriate workers' compensation benefits to him. Later, plaintiff filed suit in Superior Court against NAVL, claiming that the injuries he sustained in the accident were due to NAVL's negligence, whereupon NAVL filed a motion for summary judgment that, after hearing, was granted. The plaintiff then appealed to this court.

On appeal plaintiff maintained that on the date of his injury, he was working as a substitute truck driver for NAVL but his actual employer was M.F.A. Trucking (M.F.A.), an independent contractor that supplied NAVL with substitute drivers. He asserts that he filed his compensation claim against NAVL only because of an agreement it had with M.F.A. to provide workers' compensation insurance to M.F.A. for its employees.

After considering the memoranda submitted by the parties and after hearing their counsel in oral argument, we are of the opinion that cause has not been shown.

General Laws 1956 (1986 Reenactment) § 28–29–20 provides that workers' compensation benefits "shall be in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise against an employer." In the record before us, the claim for compensation benefits is entitled "James Criner v. North American Van Lines." The decree entered found that "petitioner sustained an injury arising out of and in the course of his employment with the respondent." The decree awarded compensation to Criner, which NAVL paid in full.

In *Carlson v. Plouffe*, 593 A.2d 74, 76 (R.I.1991), this court stated: "[R]es judicata acts as an absolute bar to the relitigation of the same claim only when there exists an identity of parties, an identity of issues, an identity of claims for relief, and finality of judgment." In this case there was an

identity of parties, the injuries that were the basis for the claim of relief were the same, and there was a finality of judgment in the Workers' Compensation Court. The plaintiff's Superior Court suit is barred under the doctrine of res judicata.

For these reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

MURRAY, J., did not participate.