HERBERT D. MATHEWSON *vs.* FRANKLIN B. HAM.

PROVIDENCE—FEBRUARY 20, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Construction of Statute.  Computation of Time.*

The law does not regard a part of a day, and a thing done at any time in a
　day is regarded as if done in the first minute of the day.
In computing time from a day, such day is not to be included.

(2)  *Service of Writs.*

A statute requirement that a writ be served " not less than six days before
　the return-day" is complied with if the service be made at any time on
　the sixth day before entry-day, the quoted words meaning six days as
　days are counted in law.

TRESPASS AND EJECTMENT.   Certified from a District Court,
and heard on exceptions to a decision overruling defendant's
plea in abatement.

STINESS, J.   In the District Court the defendant pleaded
in abatement, that the writ, served May 6th, 1898, and re-
turnable May 12, 1898, had been served less than six days
before the return-day.   The plea was overruled by the Dis-
trict Court, and the case is here on exception to that ruling.

Gen. Laws, cap. 253, § 1, provides that "a writ issuing
from a District Court shall be served not less than six days
nor more than twenty days before the return-day thereof."
The defendant claims that this means six full days or clear
days.   In other words, to insure *not less than six days*, the
writ must be served on the seventh day before its entry.   We
are aware that there is a conflict of authority on this point,
and that quite a number of cases may be found which lay
such stress upon the words "not less" or "at least" as to
imply from them a day more than could be required in sim-
ply the same number of days.   We think, however, that the
better reason is with the other view.

(1) It is an elementary general rule that the law does not regard a part of a day. Hence, a thing done at any time in a day is taken the same as though it had been done in the first minute of the day. Any part of a day, for the purpose of computing time, is taken as a whole day. 2 Black. Com. 141.

Another general rule, and one prescribed for the construction of our statutes, Gen. Laws. cap. 26, § 12, is that, in computing time from a day, such day shall not be included. Hence, if a statute required a writ to be served six days *before* the entry-day, it would be enough to serve it at any time on the sixth day before, and it would be counted as six whole days. It seems reasonable, with such a well-known and general rule, that in using the words "not less than six days," they were used with reference to the rule and not for the purpose of requiring another day, which could have been done more aptly. Moreover, if a part of a day is to be taken as a whole day, the words "not less" do not add anything, for six full days are implied in law without them. The words, therefore, mean, "not less than six" days, as days are counted in law ; recognizing anything done on the sixth day as completing the period. This was held to be the rule of construction in *Wright* v. *Forrestal*, 65 Wis. 341, where in a city council every resolution for work on streets was required to lie over at least four weeks after its introduction. Action on the fourth Monday was decided to be legal. The court remarked that men would ordinarily construe a week as the period from Monday of one week to Monday of the next week, and not until Tuesday of such week. So in *Reg.* v. *Inhab. St. Mary*, 1 Ed. & Bl. 816, the requirement of "one whole year at the least," for the purpose of gaining a settlement, was held to be fulfilled by a residence from September 30th of one year to, and including a part of, September 29th of the next year. See also, *State* v. *Gasconade*, 33 Mo. 102 ; *Goldsworthy* v. *Coyle*, 19 R. I. 323 ; *Millard* v. *Millard*, 3 R. I. 42.

In *Reg.* v. *The Justices*, 8 A. & E. 173, referring to previous decisions which held that a number of days *at least*

meant "clear days," Lord Littledale said : "We abide by what has already been decided, though it appears to me that a day is a day, whether *at least* be added or left out."

A full review of cases on this subject will be found in *Bemis* v. *Leonard*, 118 Mass. 502, and *Stebbins* v. *Anthony*, 5 Colo. 348, which are in accordance with this opinion.

But whatever room there may be for difference as to other statutes, as to the one involved in this case we think there can be none. For years the law has simply required writs of justice courts to be served "six days" before the return-day, and they could be served as many more than six days as one chose. In some cases the return-day had been put several months ahead, so that additional attachments could be made before the entry of the case in court. To stop this practice the District Court Act, so-called, Pub. Laws, May, 1886, cap. 597, § 46, provided that writs should be served not less than six nor more than twenty days before the return-day. The evident purpose of this was to limit the time within which property should be tied up by attachment before the entry of the case. It was to be *not more* than twenty days, and, to mark the antithesis, the service was to be *not less* than six days before court, as it had been previously. We cannot think that the words "not less" were added with any purpose of making the time six "clear days," so as to require service on the seventh instead of the sixth day, as theretofore. Neither have we any reason to suppose that the added words have ever been so understood. So far as we know, the practice has gone on since 1886 without any change at all, and we have never heard it questioned until now.

We think that the decision of the District Court in overruling the plea was correct, and the case will be remitted for judgment.

*Robert W. Burbank*, for plaintiff.
*Arthur Cushing*, for defendant.