272 A.2d 152

C. C. Plumb Mixes, Inc. *vs.* Frederick S. Stone.

JANUARY 7, 1971.

Present: Roberts, C. J., Paolino, Joslin and Kelleher, JJ.

Kelleher, J.   The defendant was the sheriff for Kent County.[1]   This is a civil action to recover fees and charges which the plaintiff claims were excessive, unreasonable and unnecessary.   Suit was originally instituted in the district court where a decision was entered for the defendant.   The plaintiff took an appeal to the Superior Court.   The trial judge there found for the sheriff and the plaintiff has appealed to this court.

In 1959, plaintiff hired an attorney to collect a debt due

[1]The question was never raised in this case as to whether the General Treasurer should have been a party defendant in the light of G. L. 1956, §§36-6-6 and 7. In essence, these sections provide that the salary paid a sheriff or his deputy is in lieu of all fees formerly paid for services rendered in an official capacity and that at least once a month all fees paid to a sheriff or his deputy are to be turned over to the General Treasurer.

it by a resident of Kent County—Lucien L. Theroux. The attorney forwarded a writ of attachment and several writs of mesne process to the sheriff with a direction to serve the debtor. All writs were returnable to what was the District Court of the Sixth Judicial District in Providence. In compliance with one of the writs, the sheriff picked up Theroux's dump truck and placed it in storage. Ultimately, a judgment was entered against Theroux and the truck was sold at a sheriff's sale. Throughout the litigation, plaintiff has contended that the sheriff's fees were in excess of the amount set by statute, and the charges defendant incurred for the advertising of the sale and the storage of the truck were unreasonable and unnecessary. The sole witness in the Superior Court was plaintiff's attorney.

The determinative question posed by this appeal is whether the trial judge erred in dismissing on the ground that plaintiff was not a proper party to sue for the alleged illegal and excessive fees and charges. We believe that his ruling was correct.

As we consider the issue as to who is the proper party to bring an action for the alleged overcharge of sheriff's fees, we are reminded that the relationship of an attorney and his client is essentially one of principal and agent. *Coro Federal Credit Union* v. *Cameo Club*, 91 R. I. 131, 161 A.2d 410; *McLyman* v. *Miller*, 52 R. I. 374, 161 A. 111. An attorney employed by a client is authorized to take such steps in the prosecution or defense of an action as he deems legal, proper and necessary, and his acts, in the absence of fraud, are binding on the client. *McLyman* v. *Miller, supra*. While an agent working for a known principal is usually not personally liable for acts done within the scope of his authority, he may either expressly or impliedly incur such personal liability. *McCarthy* v. *Hughes*, 36 R. I. 66, 88 A. 984. If the agent has bound himself personally, he will be bound accordingly. His liability in

such a case is not bound on his agency but upon his contractual obligations.

When we seek to apply these principles to an attorney's responsibility for payment of sheriff's fees, we are confronted with two different points of view. In holding that an attorney is not liable to the sheriff for his fees in serving process for the attorney's clients, the court in *Doughty v. Paige,* 48 Iowa 483, relied on the common-law rule that where one contracts as an agent of a known principal, the principal and not the agent is liable. However, many states hold the attorney liable to the sheriff because of his express or implied promise to be personally responsible for the payment of the fee. An attorney who delivers a writ to the sheriff has been regarded as personally requesting the sheriff's services and to be personally liable to pay for them. *Higgins* v. *Russo,* 72 Conn. 238, 43 A. 1050; *Heath* v. *Bates,* 49 Conn. 342. In *Towle* v. *Hatch,* 43 N. H. 270, the custom and course of business in New Hampshire showed that it was understood that the personal credit of the attorney was being pledged to the sheriff and a promise by the attorney to pay him was implied. Since the sheriff was not obligated to perform the required services without prepayment of his fee, a promise on the part of the attorney to pay would be inferred unless notice to the contrary was given. *Tilton* v. *Wright,* 74 Me. 214. The states of Massachusetts and New York both hold that an attorney is liable to the sheriff for fees incidental to the service of process. *Tarbell* v. *Dickinson,* 3 Cushing 345; *McCloskey* v. *Bril,* 286 App. Div. 143, 142 N.Y.S.2d 5, aff'd, 1 N.Y.2d 755, 152 N.Y.S.2d 301, 135 N.E.2d 53. For an informative review of the law relative to an attorney's personal liability for expenses incurred in relation to services rendered by others for his clients, see 15 A.L.R.3d 531.

Among the exhibits are two bills rendered by the sheriff

for services performed in the Theroux suit. Each bill shows that plaintiff's attorney is listed as the debtor and "Frederick S. Stone, Sheriff," as the creditor. There is no mention whatever of plaintiff as the debtor. These documents are concrete evidence of the long-established and well-known custom in this state where the sheriffs of the five counties bill the attorneys for fees for serving process and other charges made relating to their duties. Here in Rhode Island an attorney keeps a running account with the sheriff. Any fee or charge for services rendered by the sheriff is levied against the attorney—not against the client. Since an attorney represents a great variety and number of clients, it is totally unrealistic for the sheriff to rely on the credit of individuals who, in most instances, are unknown to him.

In this state it is the accepted practice that writs, complaints and all process are sent to the sheriff by the attorney with direction as to where process might be served. One of the exhibits in this action is the execution issued by the Sixth District Court against Theroux. This document contains explicit directions by plaintiff's attorney to the sheriff relative to service on a garnishee and the number of times the sheriff is to advertise the sale of the truck. Conversant as we are with the long-established custom and course of dealings that have gone on between the bar of this state and the sheriffs' departments, we have no hesitancy in stating that the sheriff looks to the attorneys for the payment of his fees and charges while the attorneys impliedly agree that they will pay the sheriff. If an attorney does not wish to be a party to such an arrangement, he may, if he wishes, inform the sheriff that he will not be responsible for the payment of his fee. The sheriff then may insist that the clients pay the fee before service is begun and the necessary papers made out.

The trial justice did not err in finding for the defendant sheriff.

The plaintiff's appeal is denied and dismissed.

POWERS, J., did not participate.

*Aram K. Berberian,* for plaintiff.

*Herbert F. DeSimone,* Attorney General, *G. John Gazerro, Jr.,* Special Assistant Attorney General, for defendant.