412 A.2d 221.

JOHN P. LEO *vs.* MARO DISPLAY, INC.

MARCH 7, 1980.

PRESENT: Bevilacqua, C.J., Kelleher, Weisberger and Murray, JJ.

KELLEHER, J.   This is a workers' compensation case in which the employee contends that he is entitled to triple damages because his work-related injury occurred at a time when he was a minor. Both the trial commissioner and the appellate division of the Workers' Compensation Commission rejected this contention, and so do we.

The facts are uncontradicted. The employee received serious job-related injuries to his left hand at 12:45 p.m. on August 3, 1977. He was born on August 3, 1959, at 3:56 p.m. Everyone agrees that the employee would not be entitled to triple damages if he were eighteen as of 12:45 p.m. on the day he was injured.

The rejection of the employee's contention is based upon the common law. As a general rule, for the common-law computation of the time during which an act is required or permitted to be done, the first day is excluded and the last day is included.[1] However, the common law recognizes an exception to the foregoing rule in that, when computing a person's age, the day upon which the person was born, even though he or she was born at the day's last moment, is included, and the person, therefore, reaches his or her next year in age at the first moment of the day[2] prior to the anni-

---

[1]General Laws 1956 (1970 Reenactment) §43-3-13 is declarative of the common law. In essence, the statute states that whenever time is to be reckoned from any day, date or act done, such day, date, or day when such act is done is not to be included within the computation of time.

[2]The reference in the rule to "the day's last moment" and "the first moment of the day" can best be explained by the following excerpt from *Nichols* v. *Ramsel*, 2 Mod. 280, 86 Eng. Rep. 1072 (1677):

"So in a devise the question was, whether the testator was of age or not? And the evidence was, that he was born the first day of January in the afternoon of that day, and died in the morning on the last day of December: and it was

versary date of his or her birth. *See Nichols* v. *Ramsel*, 2 Mod. 280, 86 Eng. Rep. 1072 (1677); *Turnbull* v. *Bonkowski*, 419 F.2d 104 (9th Cir. 1969); *Nelson* v. *Sandkamp*, 227 Minn. 177, 34 N.W.2d 640 (1948); *State* v. *Brown*, 443 S.W.2d 805 (Mo. 1969); *State of New Jersey in the Interest of F.W.*, 130 N.J. Super. 513, 327 A.2d 697 (1974); *Firing* v. *Kephart*, 466 Pa. 560, 353 A.2d 833 (1976). *See also* Annot., 5 A.L.R.2d 1153 (1949). While the General Assembly has reduced the age of majority from twenty-one to eighteen, it has not modified the common-law principle to which we have referred.

Although the employee argues that we should ignore the common law and calculate the time when he achieved his majority by using the actual hours found in the record, we believe that the rule first expressed over three hundred years ago in the *Ramsel* case furnishes a uniformity and certainty that is most desirable. If the rule is to be changed, the change must be made at the State House rather than here at the courthouse.

The employee's appeal is denied and dismissed, and the decree appealed from is affirmed.

Mr. Justice Doris did not participate.

*Charles H. McLaughlin*, for appellant.

*Paul A. Lietar*, for appellee.

---

held by all the Judges that he was of full age; for there shall be no fraction of a day."

Just before the turn of the century, this court in *Mathewson* v. *Ham*, 21 R.I. 203, 42 A. 871 (1899), in alluding to the non-fractionalized view of a day's time, said:

"[T]he law does not regard a part of a day. Hence, a thing done at any time in a day is taken the same as though it had been done in the first minute of the day. Any part of a day, for the purpose of computing time, is taken as a whole day. 2 Black Comm. 141."