Dorothy **GOLDERESE**

v.

**SUBURBAN LAND CO.** et al.

No. 89–350–Appeal.

Supreme Court of Rhode Island.

April 30, 1991.

Richard B. Feinstein, Feinstein & Gabrilowitz, Providence, for plaintiff.

John Beretta, Providence, for defendant.

## OPINION

FAY, Chief Justice.

This case comes before us on appeal by the defendants, Suburban Land Co. (Suburban), Green Acres Realty, Inc. (Green Acres), Promised Land Co. (Promised), Raymond Reedy (Reedy), and John Pagano (Pagano), from a summary judgment entered in the Superior Court in favor of the plaintiff, Dorothy Golderese.[1] We affirm. The facts pertinent to this appeal are as follows.

On October 25, 1978, as a consequence of a dispute over an oil bill, the Deluxe Oil Company obtained a judgment by default in District Court against plaintiff in the amount of $1,675.11. Execution on the judgment issued on October 27, 1978, and was later returned unsatisfied. To satisfy the judgment, plaintiff's home was sold to Suburban at a sheriff's auction on April 20, 1979, for $2,001.

In February 1980 plaintiff filed a complaint against Suburban in Superior Court. An amended complaint was filed in April 1982 naming Green Acres, Promised, Reedy, and Pagano as additional defendants.[2] The two complaints were subsequently consolidated.

Both the original and the amended complaints advanced that the sale of plaintiff's home for $2,001, at a time when the home had an alleged value of $60,000, was unconscionable and unjust. Additionally the complaints asserted that plaintiff was never given notice of the auction and that the auction was illegal because no accounting of the overage was ever made or disbursed. The plaintiff further averred that the default judgment was due to inadvertence, mistake, and excusable neglect. Finally plaintiff contended that the sale price of

$2,001 was so inadequate that defendants were unjustly enriched.

On May 2, 1983, plaintiff filed a motion for summary judgment, alleging that the sheriff's sale was null and void. In support of her argument plaintiff alleged that the execution on the judgment was issued prematurely and was therefore invalid. The plaintiff maintained that two full days must expire following the entry of a judgment before an execution may be properly issued. Because the judgment was entered on October 25 and the execution issued on October 27, plaintiff alleged, the requisite two full days had not expired following the entry of judgment. As a result of the premature execution, plaintiff argued, the execution was void and the subsequent sale of her home invalid.

The plaintiff's motion was heard on May 12, 1983, and again on May 26, 1983. Following arguments of counsel, summary judgment was entered in favor of plaintiff. This appeal followed.[3]

Rule 56(c) of the Superior Court Rules of Civil Procedure empowers a trial justice, upon proper motion, to enter summary judgment in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." When passing on a motion for summary judgment, the only question before the trial justice "is whether there is a genuine issue as to any material fact which must be resolved." *Rhode Island Hospital Trust National Bank v. Boiteau,* 119 R.I. 64, 66, 376 A.2d 323, 324 (1977); *see Trend Precious Metals Co. v. Sammartino, Inc.,* 577 A.2d 986, 988 (R.I.1990); *Banks v. Bowen's Landing Corp.,* 522 A.2d 1222, 1224 (R.I.

---

1. Despite being named as a party to this appeal, the record discloses that Pagano apparently is not represented by defendants' counsel.

2. The amended complaint alleged that Reedy was the sole stockholder of Suburban and Promised and was also a stockholder and the president of Green Acres. Pagano was alleged to be an assignee of mortgages on plaintiff's property.

3. The defendants initially appealed the entry of summary judgment in June 1983. This court remanded the matter to Superior Court in May 1984, pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure, for lack of a final judgment. A final judgment was subsequently entered on July 25, 1989.

1987). "When determining whether any genuine issue of material fact exists, the trial justice, like this court on review, views the pleadings, affidavits, and other relevant documents in the light most favorable to the opposing party." *Mullins v. Federal Dairy Co.*, 568 A.2d 759, 761 (R.I.1990). The party against whom the motion for summary judgment is filed "bears the burden of proving, with competent evidence, the existence of a factual dispute." *Trend Precious Metals Co.*, 577 A.2d at 988. The weight and the credibility of the evidence are not to be considered by the court. *Mullins*, 568 A.2d at 761. Because summary judgment is an extreme remedy, however, it must be applied cautiously. *Trend Precious Metals Co.*, 577 A.2d at 988; *Mullins*, 568 A.2d at 761. With these standards in mind, we turn our attention to the record before us.

■ The dispositive question is whether the execution on the default judgment issued prematurely. The only facts necessary to determine this matter are the date the judgment entered and the date the execution issued. A review of the record reveals, and both parties agree, that the judgment was entered on October 25, 1978, and execution on this judgment issued on October 27, 1978. Relying upon this review, we find no material facts in dispute that must be resolved. Therefore, because no genuine issue of material fact exists, even when viewed in the light most favorable to defendants, the case was ripe for summary judgment. We now focus on the question of whether summary judgment was properly entered in favor of plaintiff.

At the time of the commencement of this action the general rule for the issuance of executions was that "[e]xecutions, unless stayed by applicable procedural rules or unless otherwise ordered or provided by law, shall issue after twenty-four (24) hours immediately following the entry of judgment." G.L.1956 (1969 Reenactment) § 9–25–2. The current version of § 9–25–2 states, "Executions shall issue at the re-

quest of the moving party, unless stayed by applicable procedural rules or unless otherwise ordered or provided by law; however, no execution shall issue before forty-eight (48) hours have elapsed after the entry of judgment." G.L.1956 (1985 Reenactment) § 9–25–2. Despite the amendment of § 9–25–2, the issuance of an execution is subject to "applicable procedural rules."

The applicable procedural rule pertinent to the case at hand is Rule 62(a) of the District Court Civil Rules. Rule 62(a) states, "No execution shall issue upon a judgment until the expiration of two (2) days after its entry." This court has stated, "As a general rule, for the common-law computation of the time during which an act is required or permitted to be done, the first day is excluded and the last day is included." *Leo v. Maro Display, Inc.*, 122 R.I. 737, 738, 412 A.2d 221, 221 (1980). This common-law rule is codified at G.L. 1956 (1988 Reenactment) § 43–3–13, which states that "[w]henever time is to be reckoned from any day, date, or act done, or the time of any act done, the day, date, or the day when the act is done, shall not be included in the computation." [4]

Turning our attention to the record before us, we again find there is no question that the default judgment was entered on October 25, 1978, and execution on this judgment issued on October 27, 1978. Relying upon our standards for the computation of time, the day the judgment entered, October 25, is excluded. The proper starting point, therefore, for determining when the execution should have been issued is October 26.

In accordance with Rule 62(a) of the District Court Civil Rules, no execution shall issue until the expiration of two days following the entry of judgment. The language of Rule 62(a) is clear and unambiguous, and therefore, we must give the words their plain and ordinary meaning. *See Rhode Island Federation of Teachers*

---

**4.** Both Rule 20(a) of the Supreme Court Rules and Rule 6(a) of the Superior Court Rules of Civil Procedure provide additional guidance in determining how time is to be computed. Rule 20(a) and Rule 6(a) both state that "the day of the act, event, or default after which the designated period of time begins to run is not to be included."

*v. Employees' Retirement System of Rhode Island,* 542 A.2d 249, 250 (R.I.1988); *Lake v. State,* 507 A.2d 1349, 1351–52 (R.I. 1986). In giving the language of Rule 62(a) its plain and ordinary meaning, it is obvious that the earliest the execution could have issued was October 28. Because the execution issued on October 27, we are of the opinion that the execution issued prematurely and plaintiff's motion for summary judgment was properly granted.

The execution, having been issued prematurely, was void ab initio. As a result of the void execution, the sale of the plaintiff's home was improper. In addition, any actions taken purporting to alienate or divest the plaintiff of any interest in her property, following the invalid execution, are likewise void and are hereby vacated.

For the reasons stated, the defendants' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.