**Gabriel PACHECO**

v.

**MASSACHUSETTS CASUALTY INSURANCE COMPANY et al.**

**No. 91–111–A.**

Supreme Court of Rhode Island.

June 24, 1992.

Domenic Shelzi, Warwick, Jeffrey Perlow, David C. Moretti, Moretti & Perlow, Cranston, for plaintiff.

Carolyn Ann Mannis, Victoria Almeida, Paul V. Curcio, Adler, Pollock & Sheehan, Robert Fine, Licht & Semonoff, Providence, for defendants.

## OPINION

SHEA, Justice.

This matter comes before the Supreme Court on an appeal filed by the plaintiff, Gabriel Pacheco (Pacheco), from a judgment entered in Superior Court in favor of the defendant Salvatore Carvelli (Carvelli) following the granting of Carvelli's motion for summary judgment. We reverse.

On October 14, 1986, Pacheco filed a civil action in the Superior Court against defendants Massachusetts Casualty Insurance Company (MCIC) and Carvelli. On February 22, 1990, Carvelli filed a motion for summary judgment. Subsequent to a hearing, summary judgment was granted in favor of Carvelli by the trial justice. Following entry of judgment an appeal was timely filed by Pacheco.

On March 20, 1974, Pacheco allegedly had a discussion with Carvelli, an independent insurance salesperson, about obtaining a disability-insurance policy through MCIC. Pacheco recalled that during this discussion Carvelli assured him that he would be covered for life if he ever suffered a permanently disabling injury. Pacheco contends that he relied upon Carvelli's representation when he decided, on that date, to purchase through Carvelli a disability policy issued by MCIC.

Almost ten years after this conversation with Carvelli, in December of 1983, Pacheco was the victim of a shooting that left him paralyzed from the waist down. Pacheco subsequently filed for disability benefits pursuant to his policy with MCIC. Thereupon, MCIC began issuing to Pacheco benefit checks in the amount of $550 per month.

Pacheco recalls having a conversation with Carvelli in January or February of 1986 about the terms of the disability policy. Carvelli purportedly said to Pacheco, "Aren't you glad you bought the policy from me; at least you are covered for the rest of your life."

In August of 1986 Pacheco received a letter from MCIC notifying him that the enclosed check was the final disability payment to which he was entitled under the policy. Upon inquiry Pacheco discovered that the policy provided benefits for only thirty months rather than for life as Carvelli had represented the terms to him on March 20, 1974.

Pacheco initiated this action against both Carvelli and MCIC. The complaint sets forth three claims against Carvelli. Counts 4 and 5 allege that Carvelli breached the terms of an express contract with Pacheco to provide Pacheco with a policy that offered disability benefits for life. Count 6 alleges that Pacheco detrimentally relied on representations made by Carvelli when Pacheco decided to purchase the policy on March 20, 1974. In February of 1990 Carvelli moved for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure. Following a hearing thereon the trial justice granted Carvelli's motion.

The only issue before us is whether the trial justice erred in granting Carvelli's motion for summary judgment in light of Pacheco's contention that a genuine issue of material fact existed.

Under Rule 56 a trial justice has the power to enter summary judgment in favor of the movant provided the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, demonstrate that there exists no genuine issue of material fact and

that the movant is entitled to judgment as a matter of law. *Golderese v. Suburban Land Co.*, 590 A.2d 395, 396 (R.I.1991). When the trial justice is determining whether a genuine issue of material fact exists, he or she, like this court on review, must view the pleadings, affidavits, and other relevant documents in a light most favorable to the opposing party. *Id.* at 397. The burden is on the party opposing the motion to establish that a factual dispute exists. *Id.* The trial justice is not to consider the weight or the credibility of any evidence. *Id.* Finally, we view summary judgment as an extreme remedy and thus recommend that the trial justice apply it cautiously. *Id.*

The rules concerning an agency relationship are equally well established. We have stated that "[w]hile an agent working for a known principal is usually not personally liable for acts done within the scope of his authority, he may either expressly or impliedly incur such personal liability. * * * If the agent has bound himself personally, he will be bound accordingly." *C.C. Plumb Mixes, Inc. v. Stone*, 108 R.I. 75, 76, 272 A.2d 152, 154 (1971). In such a case personal liability will arise from a contractual obligation the agent has established with the third party. *Id.* at 76–77, 272 A.2d at 154. Determining whether an agent has bound himself personally is a question of fact.

Here, Pacheco's complaint alleges in counts 4, 5, and 6 that Carvelli has personally bound himself to provide Pacheco with benefits for life. Although there is no dispute that Carvelli was acting as an agent for MCIC, a disclosed principal, who wrote the disability insurance policy, there is a factual dispute in regard to whether Carvelli made statements to Pacheco on March 24, 1974, that would be sufficient to establish personal liability in addition.

At his deposition Pacheco testified that he relied upon Carvelli's express assurance that he would be covered for life if he ever suffered a permanently disabling injury when he decided to purchase an as yet unseen policy from Carvelli. Additionally, the copy of the insurance policy that Carv-

elli attached as an exhibit in support of his motion for summary judgment has a handwritten notation at the top of the cover page. This notation states in part, "Lifetime $500—30 mo's or lifetime." Carvelli, in both his affidavit of November 22, 1989, and his memorandum in support of his motion for summary judgment, denies that there are any facts in the record to establish that he acted outside the scope of his authority or committed other acts that would result in personal liability.

After having viewed the pleadings, Pacheco's deposition testimony, Carvelli's affidavit, and other relevant documents in a light most favorable to Pacheco, we conclude that Pacheco has sustained his burden of establishing that a factual dispute exists, namely, the question of whether Carvelli made representations to Pacheco on March 24, 1974, on which Pacheco relied that were sufficient to establish personal liability.

For these reasons Pacheco's appeal is sustained, the judgment appealed from is reversed, and the papers of the case are remanded to the Superior Court for trial.