Priscilla A. TRUDEAU et al.

v.

Ernest L. DUPRE.

No. 93–426–Appeal.

Supreme Court of Rhode Island.

April 21, 1994.

Edward L. Gnys, Jr., Gunnings, LaFazia & Gnys, Providence, for plaintiff.

Alan T. Tate, Tate & Elias, PC, Providence, for defendant.

## OPINION

**PER CURIAM.**

This case came before the Supreme Court for oral argument on April 7, 1994, pursuant to an order directing Priscilla A. Trudeau and Roland Trudeau, individually and as beneficiaries of the estate of their son Jonathan Trudeau (plaintiffs), to show cause why their appeal of the entry of summary judgment in favor of Ernest L. Dupre (defendant) should not be summarily denied and dismissed.

Having reviewed the memoranda prepared by the parties and having considered the arguments of counsel at oral argument, we are of the opinion that cause has not been shown.

The plaintiffs, in March 1991, filed a complaint alleging that defendant's negligent care of plaintiff Priscilla A. Trudeau, in 1983, caused the wrongful death of her unborn baby, Jonathan, who died in utero on or about June 17, 1983. In addition to this count for medical malpractice, plaintiffs sought damages for the alleged wrongful death and for loss of consortium.

At the hearing on the motion for summary judgment in July 1993, defendant argued that plaintiffs' complaint, filed in March 1991, eight years after Jonathan's death, did not fall within the three-year statute of limitations for medical malpractice, G.L.1956 (1985 Reenactment) § 9-1-14.1, and for wrongful death, G.L.1956 (1985 Reenactment) § 10-7-2. The plaintiffs had argued that they had no knowledge of wrongful conduct on defendant's part until a March 1988 newspaper article revealed that defendant's medical license had been recently revoked as a result of malpractice in connection with the death of another infant. The plaintiffs also argued that their complaint was timely filed within three years of that article.

■ The hearing justice, with whom we concur, found that the exercise of "reasonable diligence" as required by § 9-1-14.1 and § 10-7-2 would have led plaintiffs to discover the alleged negligence within the three-year period. Furthermore, the newspaper article contained no specific information that would have put plaintiffs on notice that defendant had acted wrongfully in respect to the death of plaintiffs' son. Thus, defendant's motion for summary judgment was granted.

In *Ashey v. Kupchan*, 618 A.2d 1268 (R.I. 1993), this court noted that the statute of limitations had been expanded in *Wilkinson v. Harrington*, 104 R.I. 224, 237, 243 A.2d 745, 752 (1968), and in *Anthony v. Abbott Laboratories*, 490 A.2d 43, 45 (R.I.1985), "to protect individuals suffering from latent and potentially undiscoverable injuries." *Ashey*, 618 A.2d at 1270. In the instant case, however, we are of the opinion that defendant's alleged malpractice was neither latent nor potentially undiscoverable. Had plaintiffs exercised reasonable diligence at the time of their son's death, any act of alleged negligence on defendant's part could have been discovered.

■ In ruling on a motion for summary judgment, the only question before the hearing justice is whether there is a genuine issue as to any material fact. *Golderese v. Suburban Land Co.*, 590 A.2d 395, 396 (R.I.1991). In reviewing the granting of such a motion, this court applies the same standard as the trial court. *Banks v. Bowen's Landing Corp.*, 522 A.2d 1222, 1224 (R.I.1987). Absent an issue of material fact, the moving party, the defendant here, is entitled to judgment as a matter of law. *Id.* The hearing justice examined whether the plaintiffs' conduct satisfied the reasonable-diligence standard, this court having held that such a determination is an issue of law. *Dionne v. Baute*, 589 A.2d 833, 835 (R.I.1991). Therefore, with no material issues of fact in dispute, the case was appropriate for summary judgment.

Consequently, we deny and dismiss the appeal and affirm the judgment of the Superior Court.