DECISION
This matter is before the Court on the plaintiff Kevin Gouveia's Second Amended Complaint against Bruce Senecal; Scott Gould; Dennis Ray and Keith Heroux in their respective capacities as officers of the North Smithfield Lodge 32 of the Fraternal Order of Police and, against the Town of North Smithfield through its Finance Director Henrietta T. Delage and, against Elizabeth D. Faricy and Roger Remillard, both individually, and in their respective capacities as Town Administrator and Chief of Police for the Town of North Smithfield.
The plaintiff's Second Amended Complaint contains four counts. For purposes of this decision, each is summarized as follows:
COUNT 1, names each of the above-named defendants and alleges that each "willfully and falsely . . . maliciously and fraudulently" failed to adequately protect the plaintiff's interests in the course of a union grievance arbitration hearing initiated by defendants Senecal and Ray. In that grievance procedure, defendants Senecal and Ray had challenged the legality of plaintiff's recent promotion to the rank of sergeant in the North Smithfield Police Department
COUNT 2, alleges that the defendants Senecal and Ray, along with defendants Gould and Heroux, all as officers of the Fraternal Order of Police, all sought to deprive the plaintiff of his sergeant-promotion-position and that they did "confederate together to use their positions within the F.O.P for their own aggrandizement and in violation of their duty to protect the plaintiff."
COUNT 3, alleges that the defendant Fraternal Order of Police, Lodge 32, and its defendant officers were under the "non-delegable" duty to adequately represent and protect the plaintiff in defending the grievance at the arbitration proceedings in which the plaintiff's recent promotion to the rank of sergeant was being questioned, and that they "maliciously, corruptly and fraudulently worked against him and failed to perform their duty to protect him."
COUNT 4, alleges that the defendant Faricy and Remillard violated the plaintiff's rights under the Fourteenth Amendment to the United States Constitution to have a meaningful hearing before being demoted from his sergeant rank and position. The plaintiff alleges that defendants Faricy and Remillard acted willfully and under color of State law and with "extreme and reckless disregard of plaintiff's Federal Constitutional Rights" in violation of § 42 U.S.C. § 1983.
The defendants, each and all, have in their respective Answers to the plaintiff's Complaint denied the all allegations. The defendants Senecal and Ray, along with their Answers to the Complaint, filed a Counterclaim against the plaintiff.
On May 16, 1992, a motion to dismiss the plaintiff's claims against the defendant Fraternal Order of Police, Lodge 32, was heard and granted by another Justice of this Superior Court. Thereafter, some two years later on May 13, 1994, the plaintiff by written release settled his claims against defendants Senecal, Ray, Gould and Heroux and the Fraternal Order of Police, Lodge 32. A written stipulation in conformity with that release was duly filed. It should be noted that in both the written release and the dismissal stipulation it is stated that the release and dismissal of the defendants Senecal and Ray pertains only to their being released in their official capacities only and not in their individual capacities. That appears somewhat unusual because there is nothing in the plaintiff's Second Amended Complaint that asserts any individual claims against the defendants Senecal and Ray. The only defendants that are complained against both individually and in their representative capacities are the defendants Faricy and Remillard.
Because of the previous settlement dismissal dispositions of the plaintiff's claims against the defendants Senecal, Ray, Gould and Heroux and the Fraternal Order of Police, Lodge 32, it appears that the only claims remaining for decision and disposition are:
 1. The plaintiff's claims against the defendant Town of North Smithfield and against the defendants Elizabeth Faricy and Roger Remillard in both their individual as well as representative capacities as Town Administrator and Chief of Police for the Town of North Smithfield all contained in Count 1 of the plaintiff's Second Amended Complaint.
 2. The plaintiff's 42 U.S.C. § 1983 claims against defendants Elizabeth Faricy and Roger Remillard in their individual capacities in Count 4 of his Second Amended Complaint.
Taking up each of those claims in light of the agreed statement of facts and the agreed upon exhibits attached thereto, this Court finds as follows:
As to the Count 1 claims made against defendants Faricy and Remillard in their individual capacities, namely against them personally, this Court finds nothing of persuasive probative value in the agreed statement of facts or in the agreed upon exhibits attached thereto that satisfies the plaintiff's burden of proof on his claims against defendants Faricy and Remillard in their individual capacities. The plaintiff had the burden of proving by the fair preponderance of the credible evidence, that defendants Faricy and Remillard personally agreed with the plaintiff to defend his previous selection and appointment by them to the rank of sergeant in the North Smithfield Police Department; assumed that duty to defendant and then breached same. There is no probative credible evidence before this Court to support that claim. Plaintiff's Count 1 vesicutory and vituperative allegations that each did "willfully and falsely "and did maliciously and fraudulently" conduct themselves in the hearing or hearings before the Union-Grievance Arbitration Panel are simply not substantiated by the agreed upon record. On Count1, this Court enters decision for the defendants Faricy and Remillard on the plaintiff's claims against them in their individual capacities, but finds that the plaintiff is entitled to a finding against the defendant Town of North Smithfield and the defendant Remillard in his capacity as Chief of Police in the Town of North Smithfield.
As to the plaintiff's Count 4 claims against the defendants Faricy and Remillard, the Court finds for, and enters decision thereon for the defendants.
The plaintiff's asserted Count 4 claims against the defendants Faricy and Remillard grounded on 42 U.S.C. § 1983
alleged violations and for counsel fees under 42 U.S.C. § 1988
are without merit. Plaintiff misconceives both the purpose and protections intended by 42 U.S.C. § 1983. That federal Act was intended to protect broad public interests and rights, and notprivate claims of right that are amply protected by local laws and forums. In this case, plaintiff makes no claim involving any attempt to vindicate some broad public interest or right, but instead, only his personal private claim and right to the position of sergeant in the North Smithfield Police Department. Local laws and local forums provide more than ample protection of that right. See, Martinez v. California, 444 U.S. 277, 284 (1980); rehearing denied, 445 U.S. 920 (1980); Boland v. City ofRapid City, 315 NW A.2d 496 (S.D. 1982); Welsh v. City ofOrono, 355 NW A.2d 117 (Minn. 1984) all followed in JolicoeurFurniture Co., Inc., et. al. v. Baldelli; et. al, ___ A.2d ___ (R.I. February 6, 1995).
With regard to the Court's finding on Count 1, that the plaintiff has proven by the fair preponderance of the evidence that he is entitled to relief against the defendant Town of North Smithfield and the defendant Remillard in his capacity as Chief of Police for the Town of North Smithfield, the Court's finding and the factual reasons therefore are as follows:
On November 17, 1980, the plaintiff Kevin Gouveia was appointed a patrolman in the North Smithfield Police Department. (Fact 3) Some eight years later on July 8, 1988, a newly created position vacancy in the rank of sergeant in the Police Department came about. Notice of the vacancy, and solicitation of candidates therefore was duly posted. (Fact 4) Three patrolman, the plaintiff, and the former defendants Bruce Senecal and Dennis Ray, all applied for and were tested for the vacancy. (Fact 5and Exhibit D) Of the three applicants, only the plaintiff was able to qualify for the promotion. The North Smithfield Personnel Code, 13-103, required a minimum promotion grade of "above seventy-five (75) points." Plaintiff's grade was 108.33, Senecal's 74 and Ray's 70.5. (Exhibit D) Accordingly, on March 17, 1989, notice of the plaintiff's successful test-examination completion and of his intended appointment to the rank of sergeant was posted in the North Smithfield Police Department. (Fact 10) On that same day, patrolmen Senecal and Ray, both of whom had failed to meet the minimum promotion standards established by the North Smithfield Personnel Code, filed a grievance with the Chief of Police, the defendant Remillard, alleging that the plaintiff had not successfully completed the "required Rhode Island State Municipal Police Training Academy" and should not have been permitted to take the test-examination for the vacant sergeant position. Notwithstanding that grievance, and acting on an opinion from the Attorney General's Department, the defendant Chief of Police, acting pursuant to Section 303.1 in the Town Charter, recommended the plaintiff to the Town Administrator for promotion. On March 22, 1989, the plaintiff was officially promoted, and sworn in as a sergeant in the North Smithfield Police Department. (Fact 12) On March 27, 1989, the grievance filed by patrolmen Senecal and Ray was denied by Chief of Police Remillard. (Fact 13) Undaunted by their grievance denial by Chief Remillard, patrolmen Senecal and Ray appealed to the North Smithfield Public Safety Commission and on May 12, 1989, their appeal was against denied. (Facts 14, 15)
On May 12, 1989, defendants Senecal and Ray, still undaunted by their earlier unsuccessful attempts to prevent the plaintiff Gouveia's promotion, commenced arbitration of their grievance against plaintiff's promotion pursuant to arbitration provisions contained in the Collective Bargaining Agreement then in existence between the Town of North Smithfield and the Fraternal Order of Police. (Facts 15, 16) By virtue of the Collective Bargaining Agreement, an arbitration hearing Panel was set up on September 28, 1989 to hear the grievance. The majority two of the three member composition of that Panel was ostensibly agreed upon by defendants Senecal and Ray who were at the time, President and Treasurer of the union. The third member was selected by the town's Public Safety Commission. (Collective BargainingAgreement Article XI)
On September 28, 1989, the defendants Senecal and Ray's grievance hearing was held before the three member Arbitration Panel. All parties agree that while the plaintiff's promotion to the rank of sergeant was the sole subject matter of that arbitration grievance hearing, the plaintiff was not made a party thereto, nor was he called as a witness at the hearing. (Fact18) On December 28, 1989, the Arbitration Panel filed a written decision on the grievance. It concluded that:
 "at the time the test was given one of the candidates for promotion (plaintiff) had not graduated from the Municipal Police Training Academy.
 The ordinance is clear and unambiguous. A precondition to being a qualified candidate for promotion is the requirement that the candidate have satisfactorily completed at least three years of service as a patrolman. And since it is equally clear under Section 301.2 of the Rules and Regulations of the Police Department that one must complete the academy prior to being eligible to be a North Smithfield Police Officer it must follow that one is not qualified for promotion if he did not attend the academy because they could not have satisfactorily completed at least (3) years service as a patrolman on the force."
 Therefore, the town violated the contract by allowing a person who did not possess the minimum qualifications as required in Section 13-103 of the town ordinances to take the sergeant's promotional exam."
The Arbitration Panel then, in what appears to be convoluted and unsupported reasoning concluded that unless an officer attended the Municipal Police Academy, he or she could never, no matter how long on the police force, ever complete three years of satisfactory service as required by town law for promotion. What makes that Panel conclusion appear bizarre is that it then next proceeded to specifically find that the plaintiff Gouveia had in fact completed not three, but indeed, almost eight years of satisfactory service. The Panel wrote in its decision that during the hearing:
 "it had heard no evidence to even suggest that said officer (Gouveia) is unqualified. In fact, nothing was brought forth before the panel that indicates anything but that the said officer is a competent police officer for the town"
The Panel's finding that the plaintiff was both qualified and competent is most certainly supported by the record in this case. That record discloses that he was the only one of the three officers who took the promotional test to successfully pass the test. The other two, the grievants and defendants here, Senecal and Ray, both failed the test.
The Arbitration Panel's conclusion that the plaintiff had been "promoted in violation of the contract" between the town and the union because he was ineligible for promotion is not supported by the contract or the hearing evidence before the Panel. A reading of the Collective Bargaining Agreement discloses that it simply requires the Town of North Smithfield to "furnish" to each member of the police force "a complete set of rules and regulations governing the Police Department." (ArticleIX) There is nothing in the Collective Bargaining Agreement dealing with or specifying the method of promotion of officers within the Police Department. Article XVI in the Collective Bargaining Agreement specifically puts the "full right, authority and discretion" for the management of the police department in the Home Rule Charter, the town ordinances and any rules and regulations issued by the Town Council or its delegated representative. The applicable rules and regulations (301.2;301.4 and 301.5) relied upon by the union in its grievance (Exhibit J) do not refer or apply to promotions, but instead, to initial appointment of personnel to the police force. The Home Rule Charter provision relied upon in the grievance (Article13-103) does regulate and control promotions in the police department. In that Charter provision however, all that is required for promotion is that any candidate for promotion be a current member of the department who has satisfactorily completed at least three years service as a patrolman and that he or she be able to successfully pass both a written and oral examination and attain a qualifying score of "above 75 points." The record before the Court discloses without any suggestion of doubt that the plaintiff Gouveia was the only person, of those taking the promotional exam, that could have been legally promoted to the rank of sergeant. Accordingly, the defendants Ray and Senecal, both of whom failed the promotional exam could not qualify for promotion and consequently had no standing to file a grievance contesting the plaintiff Gouveia's promotion. They were not aggrieved by anything that they were legally entitled to, and denied. According to the terms of the Collective Bargaining Agreement, they were aggrieved, if at all, by their personal and unrelated to the Collective Bargaining Agreement failure to pass the promotional exam.
What appears to this Court to be most troublesome from its review of the agreed upon facts and record is that the Arbitration Panel in its decision actually adjudicated the rights of the plaintiff Gouveia and yet he was never a party to, or made a party in, the arbitration proceeding. Notwithstanding that absence of participation, the Arbitration Panel next actually proceeded to order that the vacancy caused by its disqualification of plaintiff Gouveia be filled by utilizing the promotional list dated August 31, 1988. That promotional list contained only the names of the plaintiff Gouveia, and the names of defendants Senecal and Ray, both of whom had failed the requested promotional examination. In short, the Arbitration Panel actually ordered that an ineligible and unqualified person be promoted, in clear violation of the North Smithfield Home Rule Charter.
Fortunately for the plaintiff, within a few days following the Arbitration Panel's decision, a new and different Town Solicitor was appointed by the North Smithfield Town Council. He immediately wrote a letter, dated February 13, 1990 (Agreed FactExhibit) to the Arbitration Panel's Chairman requesting clarification of the Panel's decision, which on its face, violated the Town Charter Provision regarding promotion within the police department. The Panel Chairman, apparently being either embarrassed by, or unable to reconcile the Charter provision conflict, decided to avoid responding to the Town Solicitor's request and simply referred the request to the attorney representing the Fraternal Order of Police. That attorney also failed to respond to the Town Solicitor's request and instead on February 22, 1990, filed a motion to confirm the Arbitration Panel's decision in the Superior Court. On March 20, 1990, that motion to confirm was heard and granted by former Associate Justice Antonio Almeida. The plaintiff here, Gouveia, was never made a party to the arbitration confirmation proceedings despite the fact that it was his position and rank in the North Smithfield Police Department that was the sole subject matter of the judicial proceeding.
In a written decision, former Associate Justice Almeida, confirmed the Arbitration Panel's decision. He specifically upheld the Panel's totally erroneous conclusion that officers Senecal and Ray had successfully passed the promotional examination and ordered that promotion to the vacancy created by the Arbitration Panel's decision be filled by either Senecal or Ray. It should be noted, with due deference to Judge Almeida, that it is not clear from the agreed upon record if any of the participants in the confirmation proceedings did ever inform Judge Almeida of the fact that both Senecal and Ray had failed the promotional exam.
From this Court's review of the agreed facts and the exhibits attached thereto, it becomes perfectly obvious that the plaintiff Gouveia has been the victim of blatant violation of his constitutional right to due process. The Arbitration Panel that considered the grievance should have required his presence at the grievance hearing and should have afforded him the right to be heard. The union that was required to represent him in good faith at the grievance hearing clearly failed to do so. See, Belangerv. Matteson, 115 R.I. 332, 339-341 (1975); Vaca v. Sipes,386 U.S. 171, 194 (1966). The reason, therefore, appears perfectly obvious. Both the Union President, the defendant Senecal, and its Treasurer, the defendant Ray, were the moving grievants whose interests were diametrically opposed to the plaintiff's interest.
The Arbitration Panel, in its decision, which the Chairman was later unable to explain or clarify; clearly exceeded its specific authority under the Collective Bargaining Agreement. Article XI in the Collective Bargaining Agreement specifically prohibits the arbitrator from making any award "contrary to or inconsistent with or modifying the various ordinances of the Town of North Smithfield, the arbitrator is specifically required to base his or her decision "solely upon its interpretation of themeaning or application of the express terms of this agreement tothe facts of the grievance presented."
There is nothing in the Collective Bargaining Agreement that permitted the Arbitration Panel to construe or interpret the meaning or intention of any police department rule and regulation adopted or promulgated by the Town of North Smithfield. All thatArticle IX, Section 1 in the Collective Bargaining Agreement provides for is that the town agrees to "furnish" each police person with a complete set of rules and regulations governing the police department. That simply means to give a set of department rules and regulations to each police-person so that all will know what is required of police-persons employed by the town. The Collective Bargaining Agreement specifically reserves and gives exclusive "full right, authority, and discretion to control and manage" the police department to the Town of North Smithfield (Article XVI).
It is clear to this Court that the plaintiff Gouveia was denied his right to due process under both the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Rhode Island Constitution.
It should be specifically noted here that the instant action is not a case situation wherein this Court is simply being asked to review or to vacate an Arbitration Panel's award. This Court is fully aware of its limited authority to do so as provided in§ 28-9-18 R.I.G.L. That statute, as well as the case law interpreting it, prevents vacation or change in any arbitration award absent a manifest disregard of the Collective Bargaining Agreement provisions involved herein, or, a completely irrational result in the arbitration award. Town of Coventry v. Turco,574 A.2d 143 (R.I. 1990); State v. National Association ofGovernment Employees, Local 79, 544 A.2d 117 (R.I. 1988). The arbitration award in this case, it should be noted, is in this Court's opinion totally infected with both of those previously noted fatal arbitration award diseases. It is clearly on the facts, irrational. One need only note that in the order, it is provided that an admittedly unqualified and ineligible person be promoted to the rank of sergeant. That order appears to be based upon what must be either gross negligence on the part of the two union grievants who also happened to be both the President and Treasurer of the union and the union's attorney at the arbitration and confirmation hearing, or, upon their deliberate withholding of the fact that both officers Senecal and Ray had failed to pass the required promotional exam and were thus ineligible for promotion. If the later be the case, such conduct would constitute a fraud upon the Superior Court at the arbitration confirmation hearing and such fraud would certainly warrant vacating the order entered by the hearing judge.
In any event, as noted earlier, this is not simply an action intended to review or vacate an Arbitration Panel's award. In this action, the plaintiff Gouveia is contending that he had a constitutionally protected property right in his rank and employment in the North Smithfield Police Department. He is contending that third persons, unqualified to replace him, could not legally and constitutionally initiate and engage in a grievance proceeding and a subsequent Superior Court confirmation proceeding to litigate his personal right and status in the rank of sergeant without first giving him or making him a party to those proceedings and affording him notice and the opportunity to be heard therein. This Court finds that the plaintiff Kevin Gouveia had a clearly protected Fourteenth Amendment property right in his employment and rank by virtue of the Collective Bargaining Agreement between the Fraternal Order of Police, Lodge 32 and the Town of North Smithfield. Section 2 in that agreement guaranteed him employment security. Section 6 in that agreement also guaranteed him increased compensation because of rank. Section 301.5 in the North Smithfield Rules and Regulations for its police department provides for protected and continued employment for all of its police officers in accordance with the provisions of the North Smithfield Home Rule Charter and its Personnel Board Code provisions. Cleveland Board ofEducation v. Loudermill, 470 U.S. 532, 538 (1985); DelSignorev. DiCenzo, 767 F. Supp. 423 (D.C.R.I.). As in DelSignore,
supra, the plaintiff here was certainly entitled to procedural due process prior to his summary demotion or removal from his rank of sergeant. Procedural due process requires that no deprivation of property should take place without a prior hearing which must be conducted at a meaningful time and in a meaningful manner. Landrigan v. McElroy, 457 A.2d 1056, 1062 (R.I. 1983). In this case, the no prior hearing demotion action taken by the defendant Chief of Police Remillard was done in good faith, and from the record was based entirely upon the judicial order entered in the arbitration award confirmation proceeding. The basic fault with that action, unknown to the defendant Chief of Police, is that it did not legally or finally adjudicate the plaintiff's right to his sergeant position and rank. In both the arbitration proceeding, as well as the Superior Court confirmation proceedings, the plaintiff Gouveia was never made a party therein. His lawful right to the sergeant's position to which he had been legally appointed was adjudicated by third parties and without notice to him and without his being made a party to the proceedings. The Superior Court proceedings, commenced by the defendants Senecal and Ray and the Fraternal Order of Police, required them as plaintiffs to join Gouveia as a party. He was certainly an indispensable party whose interest could not be excluded from the consequences of the arbitration confirmation proceedings, especially wherein the judicial relief sought was in reality the expulsion of plaintiff Gouveia from his position and rank in the North Smithfield Police Department.Anderson v. Anderson, 109 R.I. 204, 210-211 (1971). It was the defendants' Fraternal Order of Police; Senecal and Ray's obligation to have set out in their Superior Court pleadings the reason why Kevin Gouveia was not joined as a party, and why he was omitted from the litigation. Rule 19(c) R.C.P.; Anderson v.Anderson, supra, at 210, 211.
The defendant Chief of Police Remillard's assumption that the arbitration confirmation proceedings order entered by former Justice Almeida had adjudicated the plaintiff Gouveia's right to the sergeant's position was unfortunately erroneous. His subsequent removal order, without notice and opportunity for plaintiff Gouveia to be heard was clearly illegal. Plaintiff in his letter dated May 9, 1990 had requested that he be given the opportunity to be heard prior to his summary removal. That request was denied by the defendant Remillard in his letter to plaintiff Gouveia dated May 11, 1990. In that letter, defendant Remillard noted that if he did not implement former Judge Almeida's Order, that he feared he "would be held in contempt." Unfortunately, defendant Remillard was not the recipient of good legal advice. Rule 19, R.C.P. makes crystal clear the fact that former Judge Almeida's Order did not, and could not "affect therights or liabilities of absent persons" from the Superior Court proceedings. In addition, the defendant Remillard had no legal authority whatsoever on May 21, 1990 to execute former Judge Almeida's Order which had been entered on May 2, 1990, because by express mandate of Rule 62, R.C.P., execution of that order was automatically stayed until May 23, 1990. It's premature execution by the defendant Chief of Police Remillard on May 21, 1990 was "void ab initio" Golderese v. Suburban Land Co.,590 A.2d 395, 397 (R.I. 1991).
Accordingly, from the agreed statement of facts and attached exhibits; the applicable North Smithfield Town Charter and Town Council Ordinances; the Rules and Regulations of the North Smithfield Police Department; and the Collective Bargaining Agreement between the Fraternal Order of Police and the Town of North Smithfield, this Court finds:
1. That in 1979, plaintiff Gouveia attended the Rhode Island Municipal Police Training Academy and received a certificate of completion therefrom on August 24, 1979. That prior thereto, he had successfully undertaken the required Police Psychological test and had also received a certificate evidencing successful completion of a Police Firearms Training Course conducted by the Rhode Island Municipal Police Training Academy.
2. That on November 17, 1980, the plaintiff Kevin Gouveia was legally appointed to the position of patrolman in the North Smithfield Police Department.
3. That on March 22, 1989, the plaintiff Kevin Gouveia was legally promoted to the rank of sergeant in the North Smithfield Police Department.
4. That prior to his appointment to the rank of sergeant, plaintiff Kevin Gouveia had satisfactorily completed at least three (3) years of service, in fact, almost nine (9) years of such service in the North Smithfield Police Department as a patrolman, as required by Town Charter and Council Ordinances. (Town Charter 303.1 and North Smithfield Code of Ordinances,
Section 13-103.
5. That the plaintiff Gouveia, by virtue of the North Smithfield Town Charter provisions relating to town employment, and by virtue of the Town Ordinances and the Collective Bargaining Agreement between the Town of North Smithfield and the Fraternal Order of Police, had a constitutionally protected property interest in his rank of sergeant. When he was denied his request to be heard prior to his summary removal from that rank by the defendant Chief of Police Remillard, his right to due process guaranteed him by Article I Sec. 2 of the Rhode Island Constitution and the Fourteenth Amendment to the United States Constitution was violated.
As a result of this Court's herein above noted findings of fact and conclusion of law, the plaintiff Kevin Gouveia is entitled to judgment and relief against the Town of North Smithfield and against the defendant Roger Remillard in his capacity as Chief of Police for the Town of North Smithfield.
It is ordered:
(a) The plaintiff Kevin Gouveia be forthwith reinstated by the defendant Town of North Smithfield and the defendant Chief of Police Roger Remillard to his previous position and rank of sergeant in the North Smithfield Police Department.
(b) That the defendant Town of North Smithfield pay to the plaintiff Kevin Gouveia, forthwith, all back pay, and every other employment benefit or monetary remuneration that he would have earned or been entitled to receive since May 21, 1990, had he not been removed and demoted from his previous employment and rank of sergeant on the North Smithfield Police Department.
(c) The Court denies all other of the plaintiff's claims for damages. The reason being that while it finds that the plaintiff's evidence and proof is more than sufficient to meet and satisfy his required burden of proof thereon, that evidence would attach liability only to the defendants Bruce Senecal and Dennis Ray in their capacities as officers of Lodge 32 of the Fraternal Order of Police, and Lodge 32 of the Fraternal Order of Police. Plaintiff Gouveia has previously negotiated a settlement of his claims for damages against those defendants, and has released them from all representative capacity liability.
Plaintiff in his Second Amended Complaint has made no claim against the defendants Bruce Senecal and Dennis Ray in their individual or personal capacities.
Counsel shall prepare the appropriate judgment for entry by the Court.