Patrick BURKE et al.

v.

RHODE ISLAND COLLEGE et al.

No. 95–82–Appeal.

Supreme Court of Rhode Island.

March 8, 1996.

Vincent A. Indeglia, Providence, for Plaintiff.

J. Scott Kilpatrick, David E. Maglio, III, Providence, for Defendant.

OPINION

PER CURIAM.

This matter came before a panel of this court for oral argument on February 20, 1996, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by parties, including the parties' supplemental memoranda filed after oral argument, we are of the opinion that cause has not been shown and that this matter should be summarily decided.

The plaintiffs, Patrick Burke, Michael Ahearn, Charles Meyer, and Brian Wynn (plaintiffs), appeal from a Superior Court summary judgment entered in favor of defendants, Rhode Island College, Rhode Island Board of Governors for Higher Education, and John Doe Nos. 1 to 100 (defendants).[1] The facts relevant to the instant appeal follow and are gleaned from the pleadings contained in the Superior Court file.[2]

On March 28, 1991, at approximately 11 p.m. plaintiffs attended a school-sponsored social function located on Rhode Island College property. According to plaintiff's' Superior Court complaint, they left the dance at around midnight. At approximately the same time, John Doe Nos. 1 to 60 followed plaintiffs as they left and proceeded to "beat, assault, and molest" plaintiffs, causing them to suffer serious bodily injury and emotional distress.

On March 30, 1994, plaintiffs filed a complaint against defendants in the Superior Court for compensatory and punitive damages arising out of the assault and battery. Specifically, plaintiffs sought indemnification from defendants on the basis of negligent supervision and premises liability.

Subsequently, on October 3, 1994, defendants filed a motion for summary judgment seeking dismissal of plaintiffs' complaint on the basis that the three-year statute of limitations applicable to the case had run. The defendants asserted that even if plaintiffs' cause of action arose on March 29, 1991,

1. John Does No. 1 to 10 are described in plaintiffs' Superior Court complaint as "agents, employees, partners, associates, joint ventures, and/or otherwise affiliated with defendant [Rhode Island College];" John Doe Nos. 11 to 100 are described as unidentified "individuals who reside in the State of Rhode Island."

2. The parties did not request a transcript of the Superior Court proceedings for the instant appeal.

plaintiffs were required to file their complaint by March 29, 1994, which was the third anniversary of the cause of action. They contended that under Rule 6(a) of the Superior Court Rules of Civil Procedure, the statute of limitations began to run on March 30, 1991, the day after the event giving rise to the cause of action. The defendants therefore argued that the last day of the first year (the 365th day) was March 29, 1992; March 30, 1992, marked the beginning of the second year; the last day of the second year was March 29, 1993; March 30, 1993, marked the first day of the third year, and, finally, March 29, 1994, marked the last day of the third year and the day the statute of limitations expired. The defendants therefore concluded that by filing their complaint on March 30, 1994, plaintiffs' claim was time barred by G.L.1956 § 9–1–14(b).

In an order entered on February 6, 1995, a Superior Court motion justice granted defendants' motion for summary judgment, from which plaintiffs have filed the instant appeal.

On appeal plaintiffs contend that the motion justice erred in granting defendants' motion for summary judgment. They agree that the statute of limitations began to run on March 30, 1991, the day immediately following the incident in which plaintiffs were injured; however, they aver that it did not expire until March 30, 1994.

Section 9–1–14(b) governs the statute of limitations applicable to personal-injury causes of action and provides that "[a]ctions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after." In respect to the manner of time computation, Rule 6(a) states in relevant part that "[i]n computing any period of time prescribed or allowed by these rules, by order of court or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included." This manner of computation is similarly provided for in G.L.1956 § 43–3–13:

---

**3.** General Laws 1956 § 43–3–13 mirrors the common law which in essence deemed that in computing the time during which an act is required or permitted to be done, the first day is excluded and the last day is included. *See Leo v.*

"[W]henever time is to be reckoned from any day, date, or act done, or the time of any act done, the day, date, or the day when the act is done shall not be included in the computation." [3]

Thus, under the above methods of time computation, the plaintiffs were required to file their complaint within the three years next after March 30, 1991, which was the day after the events giving rise to the cause of action. We note that pursuant to § 43–3–12, the word "year" shall be construed to mean a calendar year. We therefore hold that under § 9–1–14(b) the plaintiffs were required to commence suit, if at all, by March 29, 1994, which date represents the three-year calendar anniversary of the cause of action. Accordingly, we find that the motion justice properly granted the defendants' motion for summary judgment.

For these reasons the plaintiffs' appeal is denied and dismissed, and the order appealed from is affirmed. The papers of the case are remanded to the Superior Court.

*Maro Display, Inc.,* 122 R.I. 737, 738–39, 412 A.2d 221, 221–22 (1980) (recognizing an exception to the foregoing rule when computing a person's age).